No. 40.—THE MAYOR AND COUNCIL OF MACON, plaintiffs in error, *vs.* THE TRUSTEES OF BIBB COUNTY ACADEMY, for the use of ELAM ALEXANDER, defendants.

[1.] Where an affidavit of illegality is made to an execution, under the provisions of the Judiciary Act of 1799, for causes which existed prior to the rendition of the judgment on which it issued, such affidavit of illegality will be overruled.

[2.] Where a judgment has been assigned according to the provisions of the Act of 1829, and has become dormant, it may be revived by *scire facias* in the name of the original plaintiffs in the judgment, for the use of the assignee.

[3.] All debts due by contract, or of record, prior to the 17th December, 1845,

bear eight per cent. interest per annum; and all judgments rendered therefor, bear the same rate of interest.

Illegality.   Bibb Superior Court.   Heard before Judge Floyd, January Term, 1849.

At the May Term, 1838, of Bibb Superior Court, the Trustees of Bibb County Academy obtained a judgment against the plaintiffs in error.

The Trustees subsequently transferred the judgment to Elam Alexander, and for the want of an entry by the proper officer, the judgment became dormant, under the Act of 1823.

On the 13th day of July, 1848, a *scire facias* was issued and served upon the plaintiffs in error, (who were the defendants in *fi. fa.*) to revive the judgment.

At July Term, 1848, the *scire facias* was heard before Judge Floyd, and an order passed reviving the judgment, in the name of the defendants in error, and allowing the judgment to draw 8 per cent. per annum interest.

Execution was issued on the 18th day of July, 1848, in favor of defendants in error against plaintiffs in error, and levied upon certain property of the defendants in *fi. fa.* to which execution an affidavit of illegality was, on the 20th day of December, 1848, filed by George M. Logan, the Mayor of the City of Macon, on the grounds—

1st. That the original judgment, the foundation of the *fi. fa.* is in favor of the Trustees of Bibb County Academy, and that the above *fi. fa.* now levied, is in favor of a different plaintiff.

2d. That the said *fi. fa.* is proceeding for interest, at the rate of 8 per cent. per annum, on a judgment rendered in the month of July, 1848, when the laws of the State of Georgia then and now in force, forbid a higher rate of interest than seven per cent.

At January Term, 1849, the illegality was heard and overruled by Judge Floyd, to which decision plaintiffs in error excepted.

Poe and Nisbet, for plaintiffs in error.

Stubbs and Lester, for defendants.

*By the Court*—WARNER, J. delivering the opinion..

[1.] The ground of error assigned in this case is, that the Court below overruled the affidavit of illegality. The grounds taken in the affidavit go *behind* the judgment of the Court upon the *scire facias,* and for that reason alone, the affidavit of illegality was properly overruled.

[2.] We think, however, that inasmuch as Alexander became the assignee of the judgment, according to the provisions of the Act of 1829, he was entitled to revive it by *scire facias,* in the name of the original plaintiffs, for his use. The only question made by the record for the decision of the Court below with regard to the interest was, whether the judgment drew interest at the rate of seven per cent. or at the rate of eight per cent. per annum.

[3.] The Court did not decide whether the *dormant* judgment did, or did not draw interest. That point was not made in the affidavit of illegality. The Court decided that the revived judgment, from the time of its revival, drew eight per cent. as being founded on a debt in existence prior to the Act of 1845. That Act, in our judgment, was *prospective* in its operation, and did not embrace any debt due prior to its enactment, either by contract, or as a debt of record.

Let the judgment of the Court below be affirmed.