PATRICK H. LYNCH, plaintiff in error, vs. WILLIAM GAN-NON, defendant in error.

1. An affidavit of illegality cannot go behind the judgment. Any defense arising before a judgment must be pleaded before judgment.
2. Where the defendant in *fi. fa.* alleged and swore that he made a contract, before judgment, with the attorney of plaintiff, to take certain accounts of the defendant in payment of the debt, and was told by the attorney that he need not trouble himself more in the court about the case, and that judgment was taken against him notwithstanding the agreement, and that after judgment the plaintiff received the money collected from some of the accounts and thereby ratified the contract, and where the attorney testified to the contrary, that the accounts were not taken in discharge of the debt, but to collect and apply to the debt as far as they would go, and the accounts themselves show that their sum, if all collected, would not have paid the debt, and the balance due was neither paid nor tendered, and that all accounts collected had been applied to the debt and credited on the *fi. fa.*, and no *laches* was imputed to the attorney or the plaintiff in the collection of the accounts, so that though some were lost by insolvency they were not lost by neglect, and when defendant, himself, swore that the debt of plaintiff was honest, and failed to show that he had been deprived of any legal defense, even if his version of the contract was the true one, or had been injured in any way by the conduct of plaintiff or his attorney :

*Held*, that the court was right in charging, and the jury in finding against the affidavit of illegality, and that the execution was properly ordered to proceed—no case being made on the facts of any defense even before judgment, much less of any defense arising after the judgment.

JACKSON, Judge.

---

ANN E. DORTIC *et al.*, plaintiffs in error, vs. ROBERT W. LOCKWOOD, defendant in error.

Where an equity cause is tried irregularly and imperfectly, and the result is not satisfactory to the presiding judge, his judgment granting a new trial will not be reversed by the supreme court.

BLECKLEY, Judge.