60  411
j126  293

60  411
e128  326

## PHILLIPS *et al. vs.* HOWELL.

Where one, without consideration, entrusted an agent with a sum of money to settle a law-suit between two others, she has the power of revocation until the settlement is complete, especially if the contract be in writing and it is therein expressly agreed that the terms of the settlement are to be satisfactory to her in every way, and if not, then the money to be restored to her.

Principal and agent. Contracts. Powers. Before Judge CLARK. City Court of Atlanta. December Term, 1877.

Reported in the opinion.

E. N. BROYLES, for plaintiffs in error.

HOPKINS & GLENN; R. ARNOLD; F. A. ARNOLD, for defendant.

JACKSON, Judge.

Mrs. Phillips, joining her husband in the action, sued E. P. Howell for the recovery of one thousand dollars on the following receipt: "Atlanta, Georgia, April 17th, 1876. Received of Mrs. Mary S. Phillips, one thousand dollars for the purpose of effecting a settlement of a civil suit for damages instituted by Nancy L. Ray *vs.* W. R. Phillips, Jr., pending in Fulton superior court—said suit to be settled during the present term of said court if possible, and for the sum of one thousand dollars, and in the event the same is not settled for said sum, and on terms to her every way satisfactory, I am to return said one thousand dollars to said Mrs. Phillips, or her legal representative. (Signed) E. P. Howell."

Howell pleaded the general issue. The jury, under the charge of the court, found for the defendant; the plaintiff made a motion for a new trial, it was refused, and plaintiff excepted.

It appears from the evidence that Mrs. Ray had sued Phillips, a son of the plaintiff, for seduction, and that this was the suit to be settled. It further appears that the case has never been actually settled—that it it is not marked settled on the docket, nor has any of the money been paid—that terms of settlement were agreed upon between Howell, who was the attorney of Phillips, and Hopkins, who was the attorney of Mrs. Ray, but that the agreement was not ratified by Mrs. Phillips, and was not satisfactory to her, but Howell felt that he was a sort of stake-holder, and declined to pay Mrs. Phillips the money unless he was protected by the judgment of a court, and that the real contest, deducible from all the facts, is between Mrs. Ray, who wants the money, and Mrs. Phillips, who is not satisfied with the terms Howell had agreed upon. So that the real question in the case is, can Mrs. Phillips, the settlement not being consummated, and she being a mere volunteer, and having stipulated that she should be paid back if the case was not settled to her satisfaction, get the money back from Howell?

The object was to settle the seduction suit, and no settlement of it has been made, why should she not be permitted to change her mind and get the money back? We know of no law to the contrary. Nobody has been hurt. The suit is still pending for seduction, and it seems to us that Mrs. Phillips could recover back from Howell any time before settlement, at her option, on notice to him, even if she had not prescribed the terms of the settlement. But she has prescribed those terms, and the terms are among other things to be "*in every way to her* satisfactory." They are not to her satisfactory, and therefore, by the express words of the contract, Howell is "to return said one thousand dollars to said Mrs. Phillips or her legal representative," and we cannot see why she cannot recover it.

In this view of the case it is hardly necessary to consider the points made in the motion on the charge of the court, and its rulings on the evidence, the verdict being in our judgment contrary to the law and to the evidence, and the new trial being required on that ground in the motion.

The judgment being reversed, and a new trial awarded on this controlling ground, the presumption is that the city court will correct its other errors, if any, so as to conform to the judgment of this court.

We will add generally, however, that the criminal cases and Howell's policy in postponing the settlement of the suit for seduction on account of those cases, cannot affect this case on this contract; nor can any previous understanding of his with Judge Hopkins not communicated to Mrs. Phillips, and omitted by fraud, accident or mistake from the contract between Mrs. Phillips and Howell, in writing, alter the law springing from the writing.

In our view, the case does not make Mr. Howell a stakeholder at all, but, for the purpose for which Mrs. Phillips turned over the money to him, he was her agent, subject to her control, and to be governed by her will in regard to this money until the settlement had been actually made. As Mrs. Phillips was a volunteer, and no consideration whatever passed

to her from Howell or others, it was in her power to revoke her authority to him, and to take her money back at any time before he had parted with it in accordance with the agreement. 15 *Ga.*, 486, 489, 490; 55 *Ga.*, 198; Code, §§2183, 2188.

· Judgment reversed.