## HOOD *vs.* PARKER.

To deny that a judgment ought to have been rendered, on account of pre-existing facts, is to go behind the judgment. Where the alleged debtor, after due service of the summons in a justice's court, has failed to plead his discharge in bankruptcy because the justice of the peace has told him that it was unnecessary and that no judgment would be rendered against him, a judgment subsequently ren-

dered at the time and place appointed in the summons cannot be resisted by affidavit of illegality based on this misconduct of the magistrate.

Judgment. Illegality. Before Judge SIMMONS. Pike Superior Court. April Term, 1879.

Reported in the opinion.

J. A. HUNT, for plaintiff in error.

No appearance for defendant.

BLECKLEY, Justice.

On the 12th of November, 1878, a *fi. fa.* was issued in favor of Parker against Hood as maker, and McLean as indorser, for seventy dollars principal, on a judgment rendered in a justice's court on the 25th of October in the same year. Taking the dates as the record presents them, the *fi. fa.* was levied upon one bay horse as the property of Hood, on the 11th of February, 1878, and Hood, on the 16th day of the same February, made an affidavit of illegality, giving bond, in terms of the statute, which bond was executed in the presence of a magistrate on February 16th, 1868. On April 1st, 1878, the affidavit of illegality was sustained, and the plaintiff entered an appeal to the superior court. The result of this confusion of dates is, that the levy was made nine months before the *fi. fa.* issued; the bond was executed ten years before it was needed; the affidavit of illegality was made before the *fi. fa.* issued or the judgment on which it was founded was rendered; and, finally, the affidavit was sustained and the appeal taken before either the judgment or the *fi. fa.* had any existence. We infer, of course, that some of the dates are erroneous, unless time in the good county of Pike has become sadly mixed.

In the superior court the affidavit of illegality was demurred to as insufficient in law, and the demurrer was sus-

tained, the court holding that the matters alleged were not available in that species of remedy. The grounds of illegality set forth were, first, that since the making of the debt sued on, the defendant has been discharged in bankruptcy, and that the debt was provable and actually proved; second, that the defendant appeared in court and proposed to file his plea of discharge, when he was informed by the justice of the peace presiding that it was unnecessary, and that no judgment would be rendered against him—that he might go home and rest content; wherefore defendant left, and had no intimation that judgment had been rendered against him until the *fi. fa.* had issued; and third, that the judgment was void and of no effect. This last ground is good for nothing because it is too general; it fails to point out *why* the judgment was void. Most probably it simply embodies the affiant's conclusion, drawn from the two preceding grounds. But the conclusion is not sound, for the jurisdiction of the magistrate to render a judgment was not divested by his declaration from the bench that he would not render it, and that pleading the discharge was unnecessary. The rendition of judgment after such assurances, and after the party had withdrawn from the court on account of them, was, even if not corrupt, deeply and shockingly erroneous; but the remedy was *certiorari*, and not an affidavit of illegality. There is no denial that summons was duly served, and it is plain that the defendant might have pleaded and defended if he had been so disposed. He cannot be heard upon an affidavit of illegality to show why he did not exercise this privilege. The Code says, "If the defendant has not been served, and does not appear, he may take advantage of the defect by affidavit of illegality; but if he has had his day in court, he cannot go behind the judgment by an affidavit of illegality." §3071. And equally strict, if not more so, was the law prior to the Code. 7 *Ga.*, 204; 8 *Ib.*, 143; 11 *Ib.*, 137, 220. There was no error in sustaining the demurrer to the affidavit.

Judgment affirmed.