## GREENE *vs.* OLIPHANT & HANNAH.

1. Where there was service, jurisdiction in the court of the amount and person, as well as judgment against the defendant, although such judgment may not have been founded on sufficient evidence, or rendered by default, it is conclusive as against an affidavit of illegality based on causes anterior thereto.

2. The re-opening of the court by the magistrate and allowing the plaintiffs to prove the account, and thereafter entering a second judgment upon the papers, was without legal effect.

Illegality. Judgments. Justice Courts. Before Judge SIMMONS. Upson Superior Court. November Term, 1879.

Report unnecessary.

J. Y. ALLEN, by brief, for plaintiff in error.

J. A. COTTEN, by brief, for defendant.

CRAWFORD, Justice.

A *fi. fa.* in favor of defendants in error was levied upon certain cotton as the property of C. H. Greene, who filed his affidavit alleging that the same was proceeding illegally, because there was no judgment rendered by said court upon which to base said execution, and because the suit against him being on open account, and he served by leaving a copy summons at his house, no judgment by default could be rendered against him; and further, because after the entry of the judgment by default, and the court had adjourned, one of the plaintiffs appeared, proved the account, and a judgment was entered on the papers.

1. Whenever an execution issues which does not follow the judgment upon which it is based, or following it, is proceeding after it has been satisfied, or after it has lost its legal effect, for any cause arising subsequent to the judgment, then it may be arrested by affidavit of illegality. The office of such affidavit is only to stay the progress of the execution until the defendant can be heard in the court from whence it issued, and then only upon some matter not reaching behind the judgment. The only exception to this general rule is where there was no service upon the defendant, or he has not had his day in court.

Applying, then, the law to this case, the defendant shows by his own oath that he was served; that he did not appear or plead; that he suffered judgment to go against him both by default and by proof; that he entered no appeal; applied for no *certiorari;* makes no defense against the jus-

tice of the claim ; and after the lapse of eight months files illegality to the *fi. fa.*, setting up nothing subsequent to the date of the judgment as a ground for its arrest.

The record shows service, jurisdiction of amount and person, as well as judgment against the defendant, and although it may not have been founded upon sufficient evidence, or even by default, it is conclusive as against an affidavit of illegality for causes anterior thereto. *Hood vs. Parker*, September Term 1879, not yet reported ; 7 *Ga.*, 204 ; 8 *Ib.*, 143 ; 11 *Ib.*, 137–220 ; Code, §3671.

2. The re opening of the court by the magistrate, and allowing the plaintiffs to prove the account, and thereafter entering judgment upon the *papers* was without legal effect. It is the duty of magistrates to keep a docket of all cases brought before them, in which must be entered the names of the parties, the returns of the officer, and the entry of the judgment, specifying its amount and the day of its rendition. The entry of the judgment in this case on the papers after it was regularly entered upon the docket and disposed of by the court, was a nullity, and cannot therefore affect that judgment entered as directed by law. Code, §457.

Judgment affirmed.