68  65<br>103 541

## TUMLIN *vs.* O'BRYAN & BROTHERS.

1. Affidavit of illegality is not the proper remedy to arrest an execu-
tion and set aside a judgment, upon the ground that at the time of
its rendition by the court, as being by default, there was an issu-
able plea of file and undisposed of.   Such a result can be ob-
tained by writ of error, motion to vacate the judgment, or bill in
equity, as the facts of the case may demand.
2. This case having been apparently brought up for delay only, dam-
ages are awarded.

Judgments.    Illegality.    Before Judge FAIN.    Bartow
Superior Court.    January Term, 1881.

Reported in the decision.

M. R. STANSELL, for plaintiff in error.

AKIN & AKIN, for defendants.

CRAWFORD, Justice.

1. The only question made by the bill of exceptions in
this case is, whether an affidavit of illegality is the proper
remedy to arrest an execution and set aside a judgment,
upon the ground that at the time of its rendition by the
court there was a plea of file and undisposed of.

The defendant shows that he was *in court with a defense*; if, therefore, the court rendered an illegal judgment against him, over his defense, his remedy was by writ of error.

If the judgment was rendered against him by fraud, accident or mistake, or the acts of the adverse party, unmixed with negligence on his part, his remedy was by motion to vacate the judgment, or bill in equity for relief. That an affidavit of illegality is not the proper remedy in such a case is too manifest for doubt. Code, §§3671, 3595; 63 *Ga.*, 510; 64 *Ga.*, 565.

2. The defendant in error insists upon damages as his clear legal right in this case; and this court being of opinion that the same could have been brought up by the defendant for delay only, the judgment is affirmed, with ten per cent. damages thereon.

Judgment affirmed.