HARRIS & BUSSEY vs. LOWE & BROTHER et al.

Where a defendant in execution by motion alleges that a sheriff's return of personal service upon him is untrue, and the sheriff answers that he did make such personal service, and this answer is traversed by defendant, the case thereby made should be entered on the issue docket of the court.

(a) This is true, though the case is not in the superior court, but in the city court of Atlanta, for laws in relation to practice in the superior court are, by the act constituting that city court, made applicable to the latter court; and even without such provision in the city court act, the statute mentioned would be applicable to the city court.

(b) The case having been by mistake entered on the motion docket, it was proper to dismiss it from that docket, but it should not have been dismissed out of court because upon a call of the motion docket no counsel appeared for defendant.    So while the judgment is affirmed, direction is given that the case be entered upon the issue docket and there stand for trial according to law.

December 3, 1888.

Practice. Traverse. Dockets. City courts. Before Judge VAN EPPS. City court of Atlanta. March term, 1888.

Reported in the decision.

W. J. & J. R. ALBERT and A. A. MANNING, for plaintiffs in error.

ROBERT L. RODGERS, *contra.*

BLANDFORD, Justice.

Lowe & Brother sued Harris & Bussey on several promissory notes. To that action a plea was filed by counsel, who signed the plea as attorneys for Harris & Bussey. This plea not having been sworn to, the court overruled it, and rendered judgment by default. Thereupon execution issued, and was levied on certain property, to which Bussey interposed a claim in behalf of his wife, alleging that the property belonged to her. After that term of the court, he came in and by his motion alleged that, since the last term, he had been informed that the sheriff had returned that he had made personal service upon him, when in fact no service had been made upon him. The sheriff answered that he did serve him; and this answer was traversed by Bussey. The case was entered upon the motion docket of the city court. The judge of the city court set a particular time to call the motion docket, at which time the docket was accordingly called, and no counsel appearing for Harris & Bussey, the judge dismissed the case. Harris & Bussey then moved to have the case reinstated and entered upon the issue docket, which motion the court refused; whereupon they excepted.

The act of September 25th, 1883, (acts 1882–3, p.

56,) provides that the clerks of the superior courts shall keep "an issue docket, on which shall be placed all civil cases pending in their respective courts, in which an issue to be tried by a jury is made or likely to be made;" and "a motion docket, on which shall be placed only those motions which are to be decided by the judge without the intervention of a jury." Under this law, the case, instead of being entered on the motion docket, should have been entered upon the issue docket, and hence there was no necessity for the counsel of Harris & Bussey to appear at the time the motion docket was called; they had a right to believe that the case had been entered properly by the clerk upon the issue docket. It makes no difference that this case was not in the superior court but was in the city court; for the act constituting the city court of Atlanta makes all laws which have been or may hereafter be passed in relation to the practice in the superior courts, applicable to the city court. And we think that, even without such provision in the city court act, this statute would be applicable to the city court.

While we think the court did right to dismiss the case from the motion docket, if the case was not properly on that docket but belonged on the issue docket, we think, nevertheless, that the case should not have been dismissed out of the court; but that the court should have directed the case to be entered upon the issue docket. So while we affirm the judgment of the court below, we direct that the case be entered upon the issue docket, and there stand for trial according to law.

Judgment affirmed, with direction.