THE HOME FRIENDLY SOCIETY *v.* BERRY.

1. Where one residing in Atlanta, Georgia, who was already a member of a beneficial society having its headquarters and principal office in Baltimore, Maryland, and who was the holder of a certificate of membership which embodied and embraced a policy of insurance by the society upon his life, made at different times two written applications for membership in the same society, and in each of them made several material representations, amongst them that he was not a member of that society, and thus obtained on each application a separate certificate of membership and policy of insurance upon his life, which declared upon its face that if the representations upon which the certificate was granted were not true the certificate should be void, both these certificates should, after the death of the member, be treated as void and of no effect, unless the company had notice, at some time before receiving the last dues upon some one of the three certificates, that the same identical person was a member when he applied for and procured one or both of the additional certificates and the cumulative insurance which they provided for.

2. Notice to the society's local agents at Atlanta who received the applications and collected the dues on all three of the certificates of membership, but who, so far as appears, had no power to represent the company in making contracts or waiving conditions expressed therein, the applications having separately and at different times been forwarded to Baltimore for acceptance and the certificates of membership having there, separately and at different times, been issued by the society's general officers, would not be notice to the society of the falsehood of the representation as to non-membership contained in the applications, unless it appeared that no such representation was actually made to the agent who received and filled out the applications, but that he inserted the false statement without authority from the applicant and without his knowledge.

3. Where two writings are in evidence, their construction being for the court, it is no invasion of the province of the jury for the presiding judge to announce that the writings are or are not necessarily inconsistent in substance and meaning as to a particular element, such as the representations they respectively make touching a person's age. *Judgment reversed.*

June 30, 1894.

Complaint. Before Judge VAN EPPS. City court of Atlanta. March term, 1893.

The Home Friendly Society, of Baltimore, Md., issued three certificates of membership to Stephen Berry: the first for $148, dated May 27, 1889; the second for $270, dated October 21, 1889; the third for $92, dated December 15, 1890. Each of them bore a different number. Among the conditions therein were, that the certificate was issued in consideration of the representations and agreement in the application therefor, which application was made a part of the contract; that if any of the statements made in the application should be found untrue, or if the representations upon which the certificate was granted were not true, or if the conditions of the certificate were not in all respects observed, the certificate should be void; and that no agent had authority to make, alter or discharge contracts. The third of the certificates contained the additional condition, that it should be void if the member should without written permission engage in certain occupations, "or while there is in force upon the life of the insured a certificate previously issued by this society, unless the certificate first issued contains an indorsement signed by the president or secretary, authorizing this certificate to be in force at the same time." No such indorsement appeared upon the first or second certificate. Stephen Berry died on November 14, 1891. His wife, the beneficiary named in the certificates, brought suit upon them; and defendant pleaded, among other things, that in the applications for the policies the applicant represented

and warranted that he had no other insurance in this or
any other company, when in fact he held two policies of
defendant at the time the third was issued, and one at the
time of issuing the second; and that defendant had no
notice that any of said representations were false, and
not until he died did it know that he was holding all of
said policies, but up to that time believed that each of
them was held by separate and distinct persons, and if
it had known the same person held all of them it would
have cancelled them, and this fact was concealed in
order to defraud it, which made the policies void.  There
was also a plea of false representation of age of appli-
cant.  In evidence appeared the applications for mem-
bership, dated respectively May 10 and October 12, 1889,
and December 15, 1890.  They stated, among other
things, that at the time of application the applicant was
not a member of defendant or any other beneficial so-
ciety.  The jury found for the plaintiff, and defendant's
motion for a new trial was overruled.  The motion con-
tained the general grounds, and alleged that the court
erred in the following instructions to the jury:

"Stephen Berry represented in those three applica-
tions that he had no other insurance or life membership
in defendant's company.  If this was a material misrep-
resentation, in the sense I have charged, it would avoid
the second and third policy, unless the plaintiff shows
such conduct on the part of the company that will waive
this representation.

"If the defendant knew the identity of Stephen Berry
in each of the three policies and continued to accept
premiums from him after such knowledge was had, they
should be held to have waived insistence on the truth of
the representation as to other insurance with them.  In-
deed, it would be a fraud upon the assured in the com-
pany, after the knowledge that he was, in point of fact,
the same Berry insured with them three times, to go on

collecting premiums from him from week to week and from year to year, and then set up that the policies were void on that ground.   And in determining whether the company knew it or not, you are at liberty to consider any knowledge which the evidence discloses the defendant's agents in Georgia had on that subject, provided the knowledge of such agents was acquired in the course of defendant's business in reference to such applications and policies and within the scope of their employment; and you may look also to the recitals contained on the face of the applications themselves.   If, however, the company did not know that the Stephen Berry of the three policies was the same Stephen, and in good faith went on collecting premiums on all three of them, believing the assured was a different individual in each; and you further believe from the evidence that the representation that there was no other insurance with them, changed the nature, character or extent of the risk, the company would not be bound by the last two policies, and you would disallow plaintiff's claim *pro tanto*.

"There is no necessary disparity in the statement of Stephen Berry's first and second applications; there is a disparity of several years between the ages stated in the second and third applications."

DORSEY, BREWSTER & HOWELL, for plaintiff in error.
WESTMORELAND & AUSTIN, *contra*.