5785.  JOHNSON & SON *v.* FRIEDMAN-SHELBY SHOE CO.

5786.  JOHNSON & SON *v.* ROBERTS, JOHNSON & RAND
SHOE CO.

The pendency of a common-law action does not preclude the suing out of an attachment against the defendant; and where, after levy of the attachment, the defendant pays to the sheriff the principal, interest, and costs upon the attachment, in order to relieve his property from seizure, he is not by this payment discharged from any additional liability to which he might have been subject in the original action pending against him.

DECIDED DECEMBER 24, 1914.

Complaint; from city court of Oglethorpe—Judge Harper presiding.  May 18, 1914.

*Jule Felton,* for plaintiffs in error.

*J. J. Bull & Son,* contra.

RUSSELL, C. J.  The Roberts, Johnson & Rand Shoe Company and the Friedman-Shelby Shoe Company each sued Johnson & Son in the city court of Oglethorpe; one of the suits being upon a promissory note, and the other upon an open account.  Thereafter the plaintiffs sued out attachments, under section 3226 of the Civil Code, charging that the defendants had made a sale of their stock of merchandise in bulk without complying with the statutory requirements.  Upon the levy of this attachment the attorney of the defendants paid to the sheriff who levied the attachments certain sums of money which that officer accepted, as sheriff, "in full and complete settlement of said attachments, as to principal, interest, and costs."  The sheriff offered to the plaintiff's attorney the money so received upon each attachment, but he declined to accept it, claiming, as to the case of Roberts, Johnson & Rand Shoe Company, that there was a deficiency of $2.06 in the interest, and that in the case of Friedman-Shelby Shoe Co. there was a deficiency of $5.04.  At the trial term the defendants filed in each case an amendment to their plea, in the nature of a plea in abatement, setting up the payments made to the sheriff.  The sheriff testified in each case as a witness for the defendants, stating that Mr. Jule Felton, attorney at law for the defendants, paid him the sum of $203.63 in the case of Roberts, Johnson & Rand Shoe Co., and $316.63 in the case of Friedman-Shelby Shoe Co. and that he accepted these sums in full and complete settlement of the principal,

interest, and costs on the attachments referred to, but that the plaintiffs declined to accept the amounts collected. The petition for attachment, with copies of the notes and accounts attached thereto, the bond, the order issued by the judge of the superior court, the levy, and a cancelled check signed by Jule Felton, attorney, and endorsed by the sheriff of Macon county, D. M. Hicks, for $316.63, were put in evidence. The court in each case directed a verdict for the plaintiff. The defendants moved for a new trial in each case, and the court overruled each motion upon condition that the plaintiff would write off from the judgment entered upon the verdict the sums found as principal and interest, leaving only a judgment for the costs in one of the cases, and a judgment for attorney's fees and costs in the other case. To this the defendants excepted.

The question presented in each case is whether the court erred in refusing a new trial; or, to state the question more concretely, were the defendants, under the facts stated, liable for either costs or attorney's fees in the suits now before us? While it appears from certain certificates of the sheriff that perhaps the cases have both been settled and, therefore, that the questions presented are moot, still as to this we will give the plaintiffs in error the benefit of the doubt, by passing on the questions raised by the bill of exceptions. Section 5071 of the Civil Code provides that "In all cases where the plaintiff has commenced suit for the recovery of a debt, and the defendant, during the pendency of such suit, shall become subject to attachment, the plaintiff, upon complying with the provisions of this code in relation to the issuing of attachments, may have an attachment against the defendant, and all the proceedings in relation to the same shall be as hereinbefore prescribed in relation to attachments where no suit is pending. And a satisfaction of the judgment in the common-law action shall satisfy the judgment in attachment, and a satisfaction of the judgment in attachment shall satisfy the judgment in the common-law action." This section seems to make an exception to the usual rule that "no suitor is allowed to prosecute two actions . . at the same time, for the same cause, and against the same party" (Civil Code, § 4331). Starting with the proposition that under the provisions of section 5071, supra, if a defendant places himself in a position in which he becomes subject to attachment, an at-

tachment may issue even though a suit for the same cause of action be pending, and that an atachment is merely a command to the levying officer to seize property of the defendant, and thereafter to make return of his action to the court to which the action is made returnable (Civil Code, § 5076), we are of the opinion that in the two cases now under consideration the acceptance by the sheriff of the sums received by him in settlement of the attachments did not bind the plaintiffs, and can not be treated as payments in satisfaction of the indebtedness for which their suits were then pending—since the plaintiffs' attorney refused to accept the amount collected by the sheriff. A sheriff is not authorized to collect from the defendant until commanded by an execution. Payment to a sheriff of the principal, interest, and costs upon a fi. fa., will discharge the defendant. *Matthis* v. *Pollard,* 3 *Ga.* 4. It is indeed the duty of the sheriff to collect final processes placed in his hands. *Wallace* v. *Holly,* 13 *Ga.* 391 (58 Am. D. 518); *Haslett* v. *Rodgers,* 107 *Ga.* 245 (33 S. E. 44); *Brinson* v. *Burge,* 102 *Ga.* 802 (30 S. E. 261). But the attachment levied by the sheriff in this case was not in any sense final process, and the only duty enjoined upon the sheriff, in the execution of the attachment, was to seize the defendants' property and make a return to the court to which the attachment was returnable. It was not such process as would authorize him to collect from the defendant. *Irwin* v. *McKee,* 25 *Ga.* 646. The evidence is uncontradicted that no execution had issued upon the attachment in these cases, for it appears that the settlement was made almost as soon as the defendants' store was closed by the seizure. When the attorney of the plaintiffs, who was charged with the duty of collecting the amounts for which the common-law actions were pending, declined to accept the amounts which the sheriff had received in settlement of the attachment, even if the sheriff could, prior to that time, have been treated as agent of the plaintiffs, his authority and agency was revoked by the plaintiffs' refusal to ratify a settlement attempted in advance of execution or other final process. *Phillips* v. *Howard,* 60 *Ga.* 411.

Since the action of the sheriff in accepting the money in settlement of the two claims was not binding upon the plaintiffs, unless they chose to accept, in full settlement and satisfaction of their demands, the sums collected by the sheriff, and since it appeared

that after collecting the two amounts paid him by the defendants' attorney the sheriff released the stock of goods, there was no obstacle to their proceeding with their suits. This is especially material in the case of the Friedman-Shelby Shoe Company, because the plaintiff, while entitled to receive in the common-law proceeding not only the principal, interest, and costs, but also the attorney's fees provided for in the note sued on, would not have been entitled to collect the attorney's fees by the attachment.

We find no error in the judgment of the trial judge.

*Judgment affirmed.*