LIFE INSURANCE COMPANY OF VIRGINIA *v.* FITZGERALD.

LUMPKIN, J. 1. An insurance policy, issued in favor of a father on the life of his child, had printed on the back, and referred to as a part of the policy, certain conditions and agreements, one of which was as follows: "This policy shall be void if the insured is now or shall hereafter become insured in this or any other company or society and the total amount of insurance (including this policy) shall exceed the amounts in the following table." Then followed a table of ages at "next birthday," and opposite each age was a stated amount. Opposite the figure 8 (the age apparently applicable to the child in question) the amount stated was $164. Another of these conditions or agreements on the back of the policy was as follows: "Incontestible.—If the insured shall die after this policy shall have been in force for one or more years, and full proofs of death shall be presented within three months thereafter, and after all due premiums have been received by the company, the claim shall not be disputed except for misstatement of age." *Held,* that the condition first mentioned was not one providing for a diminished payment if there should be additional insurance on the life of the insured, but for an avoidance of the policy if there should be such insurance in excess of a stated amount. The second clause above quoted provided that after the policy should have been in force for one or more years, and upon the other terms therein stated, the claim should not be disputed except for misstatement of age. Construing the two clauses together, upon the happening of the events stated in the second clause the policy could not be declared void because of insurance in excess of the stated amount mentioned in the first.

(*a*) This is not altered by the fact that there was another provision to the effect that if the policy should for any reason become void, all premiums paid thereon should be forfeited to the company "except as provided herein."

2. There was no error in refusing to allow an expert in the insurance business to testify that a certain clause in a policy was a material provision, and that all policies written upon the lives of infants contained the same or a similar provision.

3. There was no error in the rulings complained of. The evidence authorized the verdict. The policy is somewhat vague as to the amount due;

but, in view of the evidence and the admissions in the answer, the verdict will not be disturbed.

> Judgment affirmed. All the Justices concur.
> JULY 17, 1915.

Action upon insurance policy. Before Judge Bell. Fulton superior court. June 29, 1914.

*Etheridge & Etheridge,* for plaintiff in error.

*Frank L. Haralson* and *B. L. Milling,* contra.