### 9541. MOULTRIE PACKING COMPANY. v. ATLANTA MUTUAL ASSOCIATION.

LUKE, J. A garnishee who had not answered could not by affidavit of illegality arrest an execution and set aside a judgment, upon the ground that before its rendition against the garnishee as being in default, the defendant had paid to the attorney for the plaintiff in fi. fa. a part of the claim and had given him a check and note to cover the balance. Affidavit of illegality is not the proper remedy in such a case. *Tumlin* v. *O'Bryan,* 68 *Ga.* 65; *Lynch* v. *Gannon,* 57 *Ga.* 608; Civil Code (1910), § 5311. The court did not err in sustaining the demurrer to the affidavit of illegality.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*
DECIDED NOVEMBER·11, 1918.

Affidavit of illegality; from Colquitt superior court—Judge Thomas. January 22, 1918.

In the briefs of counsel it is stated that the question for decision is whether affidavit of·illegality or an equitable proceeding is the proper remedy. Counsel for plaintiff in error cited: *Platen* v. *Byck,* 50 *Ga.* 245; 20 Cyc. 1129; *Bartrom* v. *Collins Mfg. Co.,* 69 *Ga.* 751; *Rich* v. *Kiser,* 61 *Ga.* 370; *Mitchell* v. *Cooper,* 73 *Ga.* 796; *Bowen* v. *Groover,* 77 *Ga.* 126 (2a). Cited contra: *Green* v. *Oliphant,* 64 *Ga.* 566; *Tumlin* v. *O'Bryan,* 68 *Ga.* 65; *Harbig* v. *Freund,* 69 *Ga.* 184; *Hood* v. *Parker,* 63 *Ga.* 510.

*Shipp & Kline,* for plaintiff in error.
*P. Q. Bryan, J. L. Dowling,* contra.