18661.  TUFF *v.* LOH.

DECIDED AUGUST 31, 1928.

*E. F. Goodrum*, for plaintiff in error.   *John J. McCreary*, contra.

BELL, J.   In the bill of exceptions in this case error is assigned upon a judgment of the superior court of Bibb county refusing to sanction a petition for certiorari to review a judgment of the municipal court of Macon sustaining a general demurrer to an affidavit of illegality.

The defendant (here the plaintiff in error) in his affidavit of illegality made the following allegations:   The defendant was sued to the January term, 1925, of the municipal court of Macon

upon a debt dischargeable in bankruptcy. During the pendency of this suit he was, on January 7, 1925, adjudicated a bankrupt. On January 17, 1925, he filed a plea of bankruptcy, as a result of which the action was stayed pending his application for a discharge. Such discharge was granted to him on October 8, 1925, "with notice to the plaintiff." On July 6, 1927, the attorney for the plaintiff "represented to the presiding judge that defendant had not received a discharge in bankruptcy when, in truth discharge had been granted defendant; and acting on said information and without any notice to defendant of said motion or information to the court, the presiding judge entered judgment for plaintiff and against defendant, as reference to the records will show. No notice of plaintiff's intention to seek a judgment was had by defendant, and it was not until after the judgment was entered and execution issued, and garnishment was served on defendant's employer, that defendant had any notice whatsoever of said execution and conduct of the plaintiff. . . Defendant further shows that he never waived notice in said case, that he never received notice of said motion of plaintiff's which resulted in judgment against him on July 6, 1927, and that he has not had his day in court, and that the debt forming the basis of said execution was discharged in bankruptcy, as reference to the records will disclose." For these reasons it was claimed by the defendant that the judgment of the municipal court was void, and that the execution issued thereon was proceeding illegally against the defendant's property and should be quashed.

Under the principles enunciated in the headnotes there was no merit in the affidavit of illegality and the municipal court properly struck the same on general demurrer. It follows that the judge of the superior court did not err in refusing to sanction the petition for certiorari.

It is, of course, to be understood that in making this decision we are passing merely upon the sufficiency of a pleading and that nothing said herein should be taken as an intimation by this court that the plaintiff's attorney was in fact guilty of any improper conduct.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*