18654.   NATIONAL LIFE & ACCIDENT INSURANCE CO. *v.* WEAVER.

STEPHENS, J.   1. Where a life-insurance policy provides that "unless otherwise stated in the 'space for endorsements' in a waiver signed by the president or secretary, this policy is void if . . any policy on the life of the insured has been issued by this company and is in force at the date hereof, unless this policy contains an endorsement signed by the president or secretary that such prior policy may be in force," there can be no waiver of this provision of the policy by reason of the conduct of the company after notice of the existence of a policy in the company on the life of the insured at the date of the issuance of the policy, unless the notice is given to the president or secretary of the company or to some agent of the company authorized to waive the condition. Where the policy also expressly provides that it contains the entire agreement between the company and the insured, and "its terms can not be changed or its conditions varied, except by written agreement, signed by the president or secretary of the company, [and] no other agent or employee shall have the power to make or alter contracts, [or] waive forfeitures," notice to any agent of the company other than the president or the secretary,—as a local soliciting agent or manager in charge of a local agency, who is not shown to have any authority, in behalf of the insurer, to make or alter contracts,—is not notice to an agent of the company having authority to waive the provi-

sions of the policy. *New York Life Insurance Co.* v. *Patten,* 151 *Ga.* 185 (106 S. E. 183); *Mutual Life Insurance Co.* v. *Blount,* 165 *Ga.* 193 (140 S. E. 496); *American National Insurance Co.* v. *Floyd,* 34 *Ga. App.* 541 (130 S. E. 531); *American National Insurance Co.* v. *Potts,* 35 *Ga. App.* 32 (132 S. E. 142.).

2. Where the policy provides also that "the company shall not be presumed or held to know of . . any previous policy unless such fact . . shall be expressly shown in the application, and the issue of this policy shall not be deemed a waiver of this condition," the mere fact that at the date of the issuance of the policy there was in existence in the same company a policy on the life of the same insured was, in the absence of ·knowledge of this fact by the president or the secretary, or some officer of the company with authority to alter contracts, insufficient as notice which would serve as the basis for a waiver by the company of the provisions of the policy. Were this otherwise, the provision in the policy which voids it by reason of the existence of another policy in the same company upon the life of the same insured would be meaningless and a mere nullity.

3. This being a suit by the beneficiary against the insurer to recover under the policy for the death of the insured, and there being, on the policy sued on, no endorsement of a waiver of the existence, at the date of the issuance of the policy, of a pre-existing policy in the same company upon the life of the insured, and it not appearing that the president or the secretary of the company, or some officer of the company with authority to alter contracts had ever had knowledge of the existence of the other policy, and the fact of its existence not appearing in the application, the verdict found for the plaintiff was, under the above rulings, unauthorized. See *Home Friendly Society* v. *Berry,* 94 *Ga.* 606 (21 S. E. 583); *Life Insurance Co. of Va.* v. *Fitzgerald,* 143 *Ga.* 725 (85 S. E. 913).

4. The above rulings being controlling, it is unnecessary to pass upon any of the special assignments of error.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 15, 1928.

*Hammond & Kennedy,* for plaintiff in error.
*Lon Lamar Fleming,* contra.