## 19623. HARRIS *v.* BANKERS HEALTH & LIFE INSURANCE COMPANY.

BELL, J. 1. This was a suit by the beneficiary against the insurer to recover on a life-insurance policy. The policy contained the following provisions: "This policy shall be void if there shall be in force on the life of the insured a policy previously issued by the company, unless the first issued policy contains an endorsement signed by an officer of the company authorizing this policy to be in force at the same time. . . No person except the president or secretary has the power to modify or in the event of lapse to reinstate this policy or to extend the time of payment of the premiums. . . No agent has the power on behalf of the company to waive any forfeiture, or to bind the company by making any promise, or by making or receiving any representation or information." Upon the trial the plaintiff's evidence showed without dispute that at the date of the issuance of the policy there was of force a preexisting policy in the same company upon the life of the insured, upon which there was no endorsement authorizing the issuance of the policy sued on. There was nothing to indicate that either the president or the secretary, or any other officer of the company having

authority to make or alter contracts, had ever waived the condition as to other insurance, or had any knowledge of the existence of the first policy as applying to the insured, nor did the fact of such previous insurance appear in the application. *Held*, that under the evidence the plaintiff was not entitled to recover, and the court properly granted a nonsuit. *Home Friendly Society* v. *Berry*, 94 *Ga*. 606 (21 S. E. 583) ; *Life Insurance Co. of Va.* v. *Fitzgerald*, 143 *Ga*. 725 (85 S. E. 913) ; *National Life & Accident Insurance Co.* v. *Weaver*, 38 *Ga. App*. 590 (3) (144 S. E. 682).

2. The above ruling is not altered by the fact that the defendant insurer may not have offered to refund the premiums which had been paid under the policy. The defendant was not estopped, by retaining the premiums, from urging the defense that the stipulation as to other insurance had been violated. *Beasley* v. *Phœnix Insurance Co.*, 140 *Ga*. 126 (78 S. E. 722) ; *Columbian National Life Insurance Co.* v. *Mulkey*, 146 *Ga*. 267 (2) (91 S. E. 106) ; *Wilkins* v. *National Life & Accident Insurance Co.*, 23 *Ga. App*. 191 (4) (97 S. E. 879).

  *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 14, 1929.

*Fleming & Fleming*, for plaintiff.
*Turpin & Lane, Cumming & Harper*, for defendant.