DOLLAR *et al. v.* FRED W. AMEND COMPANY *et al.*

No. 11783.  MAY 18, 1937.

*William A. Thomas,* for plaintiffs in error.
*Neely, Marshall & Greene,* contra.

BELL, Justice.  The exception is by defendants to the grant of an interlocutory injunction as prayed by plaintiffs.  Willie Dollar instituted in the superior court of Fulton County a common-law action against Fred W. Amend Company, to recover damages for personal injuries alleged to have been caused by the defendant's negligence.  The defendant filed, inter alia, a plea to the jurisdiction, and a traverse of the entry of service.  This case was docketed as number 109,485.  With the common-law action in this status, the plaintiff sued out a writ of attachment on the ground that the defendant was a non-resident, and caused two persons to be served as garnishees.  When the attachment, with the entries of garnishment service thereon, was returned to the superior court, the clerk numbered and entered it merely as a part of the common-law action, with the result that the attachment did not

appear upon any docket as a separate and distinct·case. One of the garnishees answered that he was not indebted to the defendant in any sum, while the other answered that it was indebted in the sum of $1863.97. Fred W. Amend Company dissolved the garnishment by giving the usual bond, with Hartford Accident and Indemnity Company as surety. The plaintiff thereafter filed a declaration in attachment, and within the time allowed by law proceeded to trial thereon, and obtained a verdict and judgment in the sum of $1500, no answer to the declaration having been filed. Later, during the same term, judgments were rendered in the plaintiff's favor, (1) condemning to the extent of the verdict the sum answered into court by the indebted garnishee, and (2) granting a recovery to the same extent against the principal and surety on the dissolution bond. An execution was issued upon the last-mentioned judgment, and the sheriff and his deputies were instructed by the plaintiff's attorney to levy the same. At this juncture the defendant in attachment, Fred W. Amend Company, and the surety, Hartford Accident and Indemnity Company, filed the present suit in equity against the plaintiff in attachment and his attorney, William A. Thomas, and against the clerk of the superior court and the sheriff, praying for injunction to restrain the enforcement of the judgments and the execution, for a decree setting aside and canceling the judgments, and for other relief. The petition alleged all that has just been stated; and also, among other things, substantially the following: The failure of Fred W. Amend Company, the defendant in attachment, to file an answer to the declaration was due to the error or mistake of the clerk of the superior court in numbering and docketing the attachment case as a part of the common-law action instead of assigning to it a separate number and placing it upon the docket as a separate and distinct cause. Petitioners through their attorneys from time to time examined the records of the superior court for the purpose of determining whether a declaration in attachment had ever been filed, and, because of such error or mistake on the part of the clerk, were unable to discover either that any such declaration had been filed or that the attachment itself had been returned to the superior court. It appeared from the dockets that no action whatever was pending except the original common-law action, to which an answer had been filed and which was not yet

ripe for trial. The attorney for the plaintiff in the attachment case had knowledge of the error or mistake of the clerk before verdict, and did not at any time bring the same to the attention of the clerk or of counsel for petitioners, in order that the records might be "straightened out" and a defense made. In the circumstances the plaintiffs had no notice of the verdict or judgments until after the expiration of the term at which they were rendered. Fred W. Amend Company, was not guilty of the acts of negligence charged against it in the declaration in attachment, and thus had a good and meritorious defense which it is now ready and willing to present if permitted to do so. The petition did not in express terms pray for setting aside the verdict, but did contain a prayer for general relief.

While the foregoing is not a verbatim statement of the allegations, it is deemed to be a fair resumé, so far as necessary to a review of the case under the assignments of error made. At interlocutory hearing, Willie Dollar and his attorney, Thomas, demurred generally and specially to the petition, and filed an answer. No ruling was given on the demurrers; but after hearing evidence from both sides, the judge granted an interlocutory injunction as prayed. To this judgment Dollar and his attorney excepted, assigning it as error "as being contrary to law, for that said petition set forth no cause of action in behalf of the said Fred W. Amend Company and Hartford Accident and Indemnity Company, defendants in error herein, and because said Amend Company and said Hartford Company were not entitled to injunction, cancellation, or any other relief prayed for in said petition, and because said evidence demanded a finding against the issuance of injunction in said case."

While the court did not rule on the demurrers, one of the contentions is that the judgment is erroneous because the petition did not state a cause of action for injunction or other relief. The assignment of error to this effect makes it necessary to consider whether the petition stated a cause of action for injunction, although none of the questions raised by the special demurrers are now presented for determination. By the Code, § 24-2714, it is made the duty of each clerk of the superior court to keep in his office, in vacation, and in court during term time, "(1) An issue docket, on which shall be placed all civil cases pending in their

respective courts, in which an issue to be tried by a jury is made or likely to be made;" and (2) "A motion docket, on which shall be placed only those motions which are to be decided by the judge without the intervention of a jury. All civil cases pending in the superior court shall be entered on one of the two above-named dockets, and in all cases shall be entered and stand for trial in the order in which they came into court, without reference to the nature of the case, and such entry shall include the names of the parties and their attorneys, the nature of the action, and the character of service; no other entry or memoranda shall be made on such dockets, except by the presiding judge or his order." In *Harris* v. *Lowe*, 81 *Ga.* 676 (8 S. E. 419), it was held, under this law, that where a case which should have been entered upon the issue docket was actually entered upon the motion docket, it was error to dismiss it when on the call of the motion docket no attorney appeared for the defendant, since the attorneys had the right to believe that the case had been properly entered by the clerk on the issue docket, and that there was no necessity for their appearance at the call of the motion docket. It appears from the instant record that Willie Dollar instituted a common-law action for damages against Fred W. Amend Company, and that this case was docketed in the superior court as number 109,485. Later the plaintiff in that case sued out a writ of attachment against the same defendant, based upon the same alleged cause of action, which attachment, with entries of garnishment service, was returned to the superior court, and on being so returned was numbered the same as the common-law action and was entered upon the docket as a part of that case. This was an error on the part of the clerk, since the attachment was a separate and distinct case from the common-law action, and should have been numbered and docketed separately therefrom. Code, §§ 3-605, 8-104; *Johnson* v. *Friedman-Shelby Shoe Co.*, 15 *Ga. App.* 561 (83 S. E. 969); *Donaldson* v. *Tripod Paint Co.*, 43 *Ga. App.* 3 (2) (158 S. E. 640). The petition in equity which is now under consideration alleges, in effect, that by reason of this error or mistake on the part of the clerk the attorneys for the defendant in attachment were unable, after diligent search, to discover either that any declaration in attachment had been filed or that the writ had been even returned to the superior court, and that as a result thereof they were mis-

led and did not file an answer to the declaration. The plaintiff in the attachment was thus enabled to proceed to trial upon his declaration as actually and duly filed, and to obtain a verdict and judgment in his favor, without any defense having been made, when as a matter of fact the defendant had a good and meritorious defense, which it would otherwise have made, and which it is now ready and willing to present if permitted to do so.

The judgment of a court of competent jurisdiction may be set aside by a decree in equity, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant. Code, § 110-710. In *Brewer* v. *Jones,* 44 *Ga.* 71, the following facts appeared: By mistake of a magistrate in failing to mark the name of counsel to the defense of a suit pending in his court, judgment was obtained against the defendant, who in view of such mistake, and in ignorance of the facts, allowed the time for appeal to elapse. The defendant, having a good defense which he was thus prevented from asserting, later filed a suit for injunction, which the court refused, and he excepted. Upon review by this court it was said: "We think, under all the facts of this case, that the court erred in refusing an injunction. The main ground we put it on is the mistake by which the judgment was obtained. Equity has jurisdiction over matters of mistake, and we think the detail of facts in the bill made out a case for equitable interposition until the hearing could be had on the evidence in the case." See *Gulf Refining Co.* v. *Miller,* 151 *Ga.* 721 (108 S. E. 25). So in the instant case, regardless of any alleged improper conduct by the attorney for the plaintiff in attachment, the error as made in the clerk's office amounted to an accident or mistake relievable in equity so far as the defendant in attachment is concerned, provided its failure to answer the declaration was attributable thereto, without fault or negligence on its part. Code, § 37-202; *Rawleigh Co.* v. *Seagraves,* 178 *Ga.* 459 (2) (173 S. E. 167). The same is true as to the indemnity company, which merely became surety on the dissolution bond, before the declaration in attachment was filed. The fact that the clerk might be responsible to the plaintiff in attachment for damage, if any, resulting from an error or mistake in the performance of his official duties (*Stewart* v. *Sholl,* 99 *Ga.* 534, 26 S. E. 757), would in no wise prevent the granting of

equitable relief to the opposite party for the same error or mistake, in a proper case. It is not essential that these complainants should be clear of all vestige of fault or negligence on their part. "The negligence of the complaining party, preventing relief in equity, is that want of reasonable prudence the absence of which would be a violation of legal duty. Relief may be granted even in cases of negligence by the complainant, if it appears that the other party has not been prejudiced thereby." Code, § 37-212. The decisions in *Donaldson* v. *Roberts,* 109 *Ga.* 832 (35 S. E. 277), and similar cases, referring to "any" fault or negligence, must be construed in the light of this section and consistently therewith. If the allegations are true, it could not be said that the defendant violated the duty of keeping advised as to the progress of litigation in which it was interested. Compare *Glover* v. *Dimmock,* 119 *Ga.* 696 (46 S. E. 824).

"Where the judgment alone is sought to be set aside for fraud, the Code provides a remedy. Where the judgment is based upon a verdict, the same requisites apply as to setting aside the judgment alone. Civil Code (1910), §§ 4584, 4585, 5111, 5965, 5966. *Moore* v. *Moore,* 139 *Ga.* 597 (77 S. E. 820); *Williamson* v. *Haddock,* 165 *Ga.* 168 (140 S. E. 373); *Bryant* v. *Bush,* 165 *Ga.* 252 (140 S. E. 366); *Sylvania Insurance Co.* v. *Johnson,* 173 *Ga.* 679 (160 S. E. 788)." *Lovelace* v. *Lovelace,* 179 *Ga.* 822, 829 (177 S. E. 685). While the petition did not pray in specific terms for a decree canceling and setting aside the verdict, it did contain a prayer for general equitable relief, and under such prayer "the plaintiff may have such relief as is consistent with and entirely within the scope of the pleadings." *Broderick* v. *Reid,* 164 *Ga.* 474 (2) (139 S. E. 18). Accordingly, under all the allegations and prayers, including the general prayer, a decree setting aside the verdict as well as the judgments would fall within the scope of the pleadings, and would be authorized.

There is no merit in the contention that the complainants had such a complete and adequate remedy at law as to exclude equitable jurisdiction. It is plain from the allegations that they did not have such a remedy. It has been held that where a defendant has been served and a judgment is rendered against him by fraud, accident, or mistake, without fault or negligence on his part, a petition in equity to set aside the judgment will lie. "That an

affidavit of illegality is not the proper remedy in such a case is too manifest for doubt." *Tumlin* v. *O'Bryan,* 68 *Ga.* 65. "Unless a judgment is void, an affidavit of illegality is not the proper mode of setting it aside." *Brantley* v. *Greer,* 71 *Ga.* 11; *Fitzgerald Granitoid Co.* v. *Alpha Portland Cement Co.,* 15 *Ga. App.* 174, 176 (82 S. E. 774) ; *Tuff* v. *Loh,* 38 *Ga. App.* 526 (3) (144 S. E. 670') ; *Southern Railway Co.* v. *Daniels,* 103 *Ga.* 541 (29 S. E. 761) ; *Patterson* v. *Georgia Gravel Co.,* 151 *Ga.* 813 (2) (108 S. E. 237) ; *Whiteley* v. *Downs,* 174 *Ga.* 839 (6) (164 S. E. 318). Even if the defendant in attachment could maintain an extraordinary motion for new trial, and if the surety could properly join in such motion, the sustaining of the motion would only reach *directly* the verdict and judgment on the declaration, and to say the least would leave complication in regard to the later judgments. These judgments would still be dangling, regardless of their ultimate fate on the grant of such motion. While equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law, yet a mere privilege to a party to sue at law, or the existence of a common-law remedy not as complete or effectual as the equitable relief, shall not deprive equity of jurisdiction. Code, § 37-120. It is stated in a supplemental brief of counsel for the plaintiffs in error that as a matter of fact an extraordinary motion has been actually filed and granted, and that exceptions to the grant are now pending in the Court of Appeals. We are requested to take judicial cognizance of that bill of exceptions. Of course we can not take such notice of a record pending in a different court; and furthermore, these facts, if duly shown, have no bearing upon the questions for decision under the present writ of error. From what has been said, the petition stated a cause of action for injunction, and hence there is no merit in the assignment of error pertaining to the sufficiency of the petition.

■ There was evidence to support the allegations as to the manner in which the attachment case was numbered and docketed, and to show that the attorneys for the defendant in attachment were misled thereby to the extent of failing to file any answer to the declaration. The judge in his order expressly found that they were diligent, and under the evidence it can not be said that a contrary finding was demanded. While it is true that the an-

swer of one· of the garnishees and the dissolution bond were both prepared by members of the firm of attorneys who represented the defendant in attachment, the attorney who prepared the answer of the garnishee testified that although he entered upon that document the same number as that assigned by the clerk to the common-law action, he did so upon information requested and received by telephone from the clerk's office, and without other knowledge as to the identification or docketing of the attachment. He further testified that he was not in charge of the common-law action, and was merely requested by another member of the firm to prepare the answer for the garnishee. The copy of the dissolution bond, as shown in the record, appears to have two numbers, one being the same as that of the common-law action· and the other a different number which had been assigned to the attachment in the municipal court before its return to the superior court. The attorney who prepared this bond, and who had previously requested the other attorney to prepare the answer of the garnishee, testified that at the time of preparing the bond the only number which he had was the municipal-court number, and that he "had no knowledge of any number having been entered on it except the typewritten number that was entered on it in our office." It is not entirely clear from this evidence just which of the two numbers was the "typewritten number that was entered on" the bond in the office of these attorneys, but under the evidence the judge was authorized to find that it was the municipal court number. The mere fact that the files of these attorneys may have contained the number 109,485, as used to designate the common-law action, did not necessarily charge them with knowledge that the attachment case had been numbered and docketed by the clerk as a part of the same case, since even in ordinary diligence they might not have recalled or noticed the identity of the number as given by the clerk's office at the time the garnishment answer was being prepared. An active attorney may not keep in mind the number by which every case in his charge is docketed in the clerk's office; and so it can not be said as a matter of law that these attorneys should have known from information in their files that the clerk had made the error of numbering and docketing the attachment case as a part of the common-law action. *Home Friendly Society.* v. *Berry,* 94 *Ga.* 606 (21 S. E. 583) ; *Summerour* v. *Pappa,* 119 *Ga.* 1 (5) (45

S. E. 713) ; *National Life & Accident Ins. Co.* v. *Weaver,* 38 *Ga. App.* 590 (3) (144 S. E. 682) ; *Harris* v. *Bankers Health & Life Ins. Co.,* 40 *Ga. App.* 678 (150 S. E. 856). The testimony of the attorney mainly in charge of the case indicated that he made frequent and diligent search of the dockets to ascertain the progress and status of the attachment case, and in view of the fact that it was not docketed and numbered as a separate case he was unable to discover any record of it, and consequently assumed that there was no declaration of file to which an answer should be made. Until notice to the contrary, he had the right to presume that the clerk had fully performed his official duty as to docketing the attachment case. *Connolly* v. *Atlantic Contracting Co.,* 120 *Ga.* 213 (47 S. E. 575) ; *Loudermilk* v. *Stephens,* 126 *Ga.* 782 (55 S. E. 956).

The questions of diligence and negligence, including that of notice, were matters to be determined by the judge as a trior, and under all the evidence it can not be held that he abused his discretion in granting an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*