### 36055. Allgood *v.* Isengor Camera Exchange, Inc.

Townsend, J. 1. The exception in this case is to the sustaining of certain general demurrers to an affidavit of illegality filed by the plaintiff in error to the levy of an execution by the defendant in error pursuant to a default judgment obtained by the latter in the Civil Court of Fulton County. That part of the affidavit of illegality seeking to set up that the plaintiff in error was not served in the original case was subject to the demurrers interposed because (1) the facts set out in the affidavit of illegality and in the record in the case show that these allegations, if intended as a traverse of service, were not made at the first term after notice of such return; (2) the sheriff was not joined as a party, and (3) an affidavit of illegality denying service is of itself sufficient to raise that

issue only when no return of service exists, whereas here the record discloses a return of service complete and regular on its face. *Webb* v. *Armour Fertilizer Works,* 21 *Ga. App.* 409 (94 S. E. 610).

2. The remaining allegations of the affidavit of illegality, seeking to set up payment of the debt by the plaintiff in error, and that the defendant in error pretended to accept such payment fraudulently and in bad faith for the purpose of preventing the plaintiff in error from having his day in court, are insufficient for that purpose. The plaintiff in error alleges that the amount sued for, which is $30.85, was to be paid for, not in money but by furnishing to the defendant in error one pair of drapes; that he offered the drapes to the attorney for the defendant in error on October 3, 1954, which was the return day of the action on open account, under a written agreement that "if approved by Isengor, will accept and settle case upon payment of costs; if not acceptable to Isengor will return promptly to Allgood, refund costs of $4.75 and continue with case." As a defense of payment this is insufficient, for "a defendant in execution may not by affidavit of illegality make the defense of payment of the debt, but only the payment of the execution itself." *Felker* v. *Johnson,* 189 *Ga.* 797 (1) (7 S. E. 2d 668). Fraud in the procurement of the judgment is not a ground for an affidavit of illegality. *Dollar* v. *Fred W. Amend Co.,* 184 *Ga.* 432, 437 (191 S. E. 696); *Tumlin* v. *O'Bryan,* 68 *Ga.* 65; *Tuff* v. *Loh,* 38 *Ga. App.* 526 (3) (144 S. E. 670). It should be added, however, that the record shows no evidence of fraud in the procurement of the judgment on the part of the defendant in error or his attorney. The personal property was conditionally accepted at a time when the plaintiff in error knew of the pendency of the suit and had time to prepare and file an answer or appearance card; no representation was made that a judgment would not be taken in the usual course of events if the settlement was not acceptable; no promise was given to continue the case, and it further appears from the record before this court that the plaintiff in error attempted to raise this same defense by motion to vacate and set aside the judgment; that such motion was dismissed for want of prosecution; that it was thereafter reinstated by the consent of the counsel for defendant in error and was again dismissed for want of prosecution; that this latter judgment was not appealed and therefore bcame the law of the case as to every issue urged in the affidavit of illegality, adversely to the contentions of the plaintiff in error. Accordingly, whether or not the record *hors* the affidavit of illegality and demurrer interposed thereto be considered by this court, the conclusion is demanded in either event that the trial court properly sustained the demurrers and dismissed the illegality.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

Decided February 21, 1956.

*William A. Thomas,* for plaintiff in error.
*Israel Katz, Katz & Durden,* contra.