57 109
87 541

THOMAS MAGUIRE, plaintiff in error, *vs.* ZADOCK C. BAKER *et al.*, defendants in error.

1. When land is described in a deed by metes and bounds, evidence is admissible to show that the particular plat in controversy is not included in such description.

2. Where land is sold by an administrator in separate tracts, and upon the first bid off there is a mill and dam, the purchaser of such tract obtains the right to use such mill and dam to the extent of their capacity, and the adjoining tracts are subject to such servitude.

3. Where a dam, on account of its defective condition, does not back water to the extent of its full capacity, the owner of the mill has the right to build a new dam of the same height, or to repair the old one, without becoming liable for the damages caused by the increased overflow.

4. Possession of land, subject to overflow from the back-water of a mill-dam, for seven years under color of title, without its having been overflowed on account of the defective condition of the dam, will not relieve the land of such servitude, there being no evidence of intention on the part of the owner of the mill to abandon his right to use such dam to its full capacity.

5. Where a request to charge assumes to be matter of fact what is disputed by an opponent, it should be refused.

6. There is sufficient evidence to sustain the verdict.

Evidence. Deeds. Vendor and purchaser. Servitude. Water. Prescription. Charge of Court. New trial. Before Judge HOPKINS. DeKalb Superior Court. September Adjourned Term, 1875.

Maguire brought two actions of case against Baker and Humphries for damages to land in DeKalb county, located on No Business Creek, caused by the overflow of water thereupon, resulting from a mill-dam on Yellow River. To these suits the defendants pleaded the general issue, title in themselves, and that the plaintiff purchased subject to the servitude of the overflow from the dam. The cases were consolidated and tried together.

The evidence presented the following facts: The land alleged to have been damaged, as well as the mill and mill tract, had been the property of one Zachary Lee. The dam was erected about the year 1838. It was located on Yellow River a short distance below the point where No Business Creek flows into that stream. The damaged land was situated on the creek. After the death of Zachary Lee, in November, 1863, his executor sold the lands of the estate in parcels. The mill and mill tract was first offered, and was bid off by the legatees of testator, and they subsequently sold to defendants. The latter contend, and introduced evidence to that effect, that the purchase of their vendors covered the land claimed to be damaged. The plaintiff bought land at the same sale. He contended, and introduced testimony to that effect, that his purchase and deed covered the damaged land, to-wit: eleven acres situated in DeKalb county, on No Business Creek. It was replied by defendants that his purchase certainly did not cover such eleven acres, and if his deed did, that by collusion between him and the executor, such conveyance was made broader than the sale. The deed to plaintiff, made on the day of the sale, described the land by metes and bounds; that to the vendors of defendants, made three days thereafter, by land lots and general descriptive words.

Voluminous testimony was introduced on both sides as to whether plaintiff purchased the aforesaid eleven acres at the executor's sale at all, as to the cause of the overflow, and as to the damage. Plaintiff endeavored to show that the defendants erected a new dam on Yellow River in 1871, which

Maguire *vs.* Baker *et al.*

was higher than the old one, thus causing the overflow of No Business Creek. Defendants admitted the erection of the new dam, but denied the increased height, and introduced evidence to show that the overflow was caused by the fact that the creek had become choked up by sand and logs, and also by the fact that the new dam backed water more effectually than the old, the latter having been for many years before 1871 in a leaky condition and out of repair. Defendants also introduced evidence to show that plaintiffs's land, since 1871, had not been as effectually drained as before that time; that the ditches were not kept clean, etc. Plaintiff showed that he had been in possession of the eleven acres, claiming the same under his deed, from the date of his purchase.

The jury found for the defendants. The plaintiff moved for a new trial upon the following grounds, to-wit:

1st. Because the court erred in allowing the defendant to prove by Edmond Lee and others, that at the executor's sale the plaintiff did not purchase the eleven acres of land, though it was covered by the deed, and also what lands were purchased by the legatees of Zachary Lee, both deeds being in evidence.

2d. Because the court erred in charging the jury that if the plaintiff did not purchase the eleven acres at the sale, and defendants' vendors did, and these facts were known to the plaintiff, then, even though the deed made by the executor to plaintiff covered such tract, yet he could not set up such title against the defendants, for the purpose of sustaining these actions.

3d. Because the court erred in charging as follows: "If Lee owned certain lands upon which he erected a mill, and, by a dam, flowed water upon land above the mill, and he died, and the land was sold in parcels to several persons, the purchasers of the mill-tract, and those holding under them, retained the right to keep up a dam of equal height with that which was upon it at the time of their purchase, and to back water according to the capacity of the dam. If, for want of repairs, or leakage of the dam, or other cause, the dam did

not gather such a head of water as it might, and thus the back-water was usually less than the height of the dam would warrant, the owner of the mill had the right to build a new dam to the height of the old one, or to repair the old one, and if thus the extent of the back-water was increased, the owner of the mill would not be liable for the damage caused by the overflow."

4th. Because the court erred in refusing to charge as follows: "If it appeared from the evidence that the plaintiff had been, and was still, in the adverse possession of the land which is claimed by him to have been injured, under the deed made to him by the executor of Zachary Lee, for more than seven years prior to the erection of the dam by the defendants, and during that time there had been no overflowing of this land by back-water from their dam, then the defendants have thereby lost any right which they may have had, at the date of their purchase of the mill-tract, to back water over this land according to the capacity of the dam then in existence."

5th. Because the verdict was contrary to the law and the evidence.

The motion was overruled and the plaintiff excepted.

CANDLER & THOMSON, for plaintiff in error.

HILLYER & BROTHER ; L. J. WINN, for defendants.

WARNER, Chief Justice.

The plaintiff brought an action against the defendants to recover damages for overflowing his land by the erection of a mill-dam. On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the defendants. The plaintiff made a motion for a new trial on the grounds set forth therein, which was overruled by the court, and the plaintiff excepted. There was a great deal of evidence introduced on both sides, which was conflicting, and the only questions for us to consider are the alleged errors in the rulings of the court.

Maguire *vs.* Baker *et al.*

1. It is insisted that the court erred in allowing Edmond Lee and others, to testify that the eleven acres of land alleged to have been overflowed were not included in the deed made by the executor of Zachary Lee to the plaintiff, inasmuch as the deed was the highest evidence. The land conveyed in the plaintiff's deed was described by metes and bounds, and the evidence was admissible to show that the land was not included within the boundaries specified in the deed. When land is described by metes and bounds in a deed or deeds, it is not error to allow evidence to be introduced for the purpose of showing that the particular plat or tract of land in dispute between the parties is not covered by, or included within, the boundaries specified in the plaintiff's deed or deeds.

2. If the plaintiff did not in fact purchase the eleven acres of land from the executor of Lee, and afterwards purchased the same from other persons who had purchased it at the executor's sale, with the mill privileges, with knowledge that he had no title under his first purchase, he could not set up his title thus acquired against the other title under which the defendants claimed, and there was no error in the charge of the court in relation to this point in the case.

3. There was no error in the charge of the court as to the height of the new dam, but, on the contrary, that charge was in accordance with the ruling of this court in this same case: See *Baker et al. vs. Maguire,* 53 *Georgia Reports,* 245.

4. There was no error in the refusal of the court to charge, as requested, in relation to the defendants having lost their right to overflow the plaintiff's land to the extent of the height of the original dam, by reason of their not having done so within seven years. There was no evidence of any intention on the part of the defendants, and those under whom they claim, to abandon the right to back the water to the extent of the height of the dam; whilst it may be true that they did not raise the water to the full height of the dam, as they were entitled to do, still the dam was there and being used, which was notice to the plaintiff that the defendants had not

abandoned the use of it for the purpose for which it was originally erected.

5. Besides, the charge, as requested, assumes that the plaintiff had color of title to the eleven acres of land, whereas it was a disputed question whether the deed from the executor of Zachary Lee to him covered the eleven acres of land in controversy.

6. There is sufficient evidence in the record to sustain the verdict, and we will not disturb it.

Let the judgment of the court below be affirmed.