### STAFFORD *v.* MADDOX.

1. A finding in a former suit for the plaintiff, though for nominal damages only, is not conclusive in favor of the defendant as to anything involved in the present controversy.
2. A right established by contract to back water in a stream to the height which an existing dam would raise it, does not necessarily confer a right to back the water as high as a subsequent dam, located higher up the stream, will back it, although the top of the subsequent dam may be on a level with the top of the former dam. The width of the two dams and the conformation of the land on the shore lines may cause inequality in the effect of the dams in backing the water.

July 13, 1891.

*Res adjudicata.* Damages. Waters. Contracts. Before Judge MILNER. Whitfield superior court. October term, 1890.

Action by Stafford against Mrs. Maddox for damages alleged to have been sustained from the backing of water upon his land by a mill-dam erected and maintained by her across a creek which ran through his land. Verdict for the defendant; motion for a new trial overruled. The motion assigned errors upon the following instructions of the court:

(1) "If you find that a suit was before brought by

Stafford against Maddox, and that the evidence showed on that trial that the defendant for a short while had a dam higher than his rights allowed, and that the jury did not find substantial damages but simply nominal damages for the time the dam was too high, then if you find that the dam was lowered before the first suit was brought, then that verdict would be conclusive that there was no substantial damage at any time, and you should find for defendant. In arriving at the truth whether substantial damages were or were not given, you should look to the evidence before you as to the damage in the case, as testified by the witnesses."

(2) "When a mill-dam of a certain height exists, and with it the right to back water upon land according to the capacity of the dam, and from want of repair or leakage of the dam or other cause the dam does not gather such a head of water as it might, and thus the back water is usually less than the height of the dam would warrant, the owner of the mill has the right to build a new dam of the height of the old one; and if thus the extent of the back water is increased, the owner of the mill is not liable for damage caused by the increased overflow. The Thompsons, under their purchase and reservations of water privileges (which is shown by the conditions and reservations contained in the deeds introduced in evidence before you by defendant), had the right to flow the water back upon the plaintiff's land as far as the height of the dam they used, if made tight, would flow the water. They had the right to the water privileges by backing water as high as their dam, if made tight, would raise it; and if defendant has not by her new dam injured plaintiff's land more than the dam used by the Thompsons at its height and location as used by them, made tight, would have injured plaintiff's land, then plaintiff would not be entitled to recover."

Among the specifications of error it was contended that these instructions were erroneous under the evidence showing that the dam complained of was not built upon the site of the old one, but on a site some distance further up the creek and nearer plaintiff's land; that the natural rock bottom on which the old dam was built had crevices which never were and could not be stopped so as to hold the water, and which rendered it impossible for any dam built thereon, no matter how tight, to keep the water as high as the height of the dam would warrant, and to back it on plaintiff's land as the new dam does; that the bottom of the new dam has no such defect; that the new dam is at an abrupt bend in the creek and the "draw" of it is only sixty feet, while that of the old dam was one hundred and ten feet; that on the east of the new dam is a spiling four feet higher than the top of the dam, extending twenty-five feet into the creek, and on the west is a rock abutment eighteen inches higher than the top of the dam; that while the old dam stood, there was an escape for a large volume of water from the pond by a race which has been closed since the new dam was built; and that these things caused or contributed to the overflow complained of.

McCUTCHEN & SHUMATE, for plaintiff.

T. R. JONES and R. J. & J. McCAMY, for defendant.

BLECKLEY, Chief Justice.

1. It was error for the court to charge the jury, in effect, that if the recovery by the plaintiff in a former suit was for nominal damages only, then the verdict in that case would be conclusive that there was no substantial damage at any time, and the jury should find for the defendant. The present action was brought seven or eight years after the former one. Why should the failure of the plaintiff to prove any actual damage on

the trial of his first action cut him off from showing that he sustained such damage afterwards, and before instituting the second? The second action does not apply to the same period of time involved in the first, and as the first resulted in a finding for the plaintiff, that finding surely could not be conclusive in favor of the defendant as to anything involved in the present controversy. It seems to us that its conclusiveness, if it has any which affects this case, would all be in favor of the plaintiff, and would extend to the right of recovery, leaving the *quantum* of damages dependent entirely upon other evidence and the doctrine of punitive damages. 1 Hill'd on Torts, 608. For the jury to find for the defendant in a second action for a continuous tort because only nominal damages were found in the first action, would be very remarkable. Why not find at least nominal damages again, and again, so long as the plaintiff by successive actions seeks to vindicate his right, though he may fail to prove actual damage? Nothing is needed but a right in the plaintiff and some invasion of that right by the defendant. Code, §§2243, 3065, 3070; 1 Sedg. Dam. §§97–99.

2. As the dam now complained of is neither the same dam by which the water rights of the defendant were measured in the several deeds of conveyance, nor located at the same place, but is altogether a different dam and located higher up the stream, perhaps the actual performance of the first dam in the way of backing water would be the safer limit of the defendant's right to back the water by the second dam. What would be the capacity of the first had it been made tight would necessarily be more or less matter of conjecture; but what it actually did while in its best condition would be susceptible of proof. It may be that there was a right to improve and tighten that dam, or to build a new and better one in the same place, but that right

was never exercised, nor can it be certainly known what increase in the height of the water would have resulted from all the favorable changes in that dam which were practicable, such changes never having been made. But conceding that the new dam might, though located higher up the stream, be allowed to raise the water, not only as.high as the water.had ever been raised by the old, but as high as the old dam would have been capable of raising it had it been put in the best possible condition, it was error for the court, in its charge to the jury, to assume that if the new dam was only of the same height as the old one, the two would be equally capable of affecting the lands above by overflow. Two dams themselves equal in height, located at different places on the same stream, would not necessarily equally retard the escape of water. The difference in their width and in the conformation of the land on the shore lines, and various other local conditions, might cause inequality in their capacity for detaining and backing water, and for injuring thereby the lands above. Instead of assuming equality as matter of law, the question whether there would be equality or inequality in the given instance is one of fact for determination by the jury. Where the old dam and the new are on the same ground, and other conditions are equal, the rule announced by the court would probably be correct. *Baker* v. *McGuire*, 53 *Ga.* 245; *Maguire* v. *Baker*, 57 *Ga.* 109; *Oakley Mills* v. *Neese*, 54 *Ga.* 459.

The court erred in not granting a new trial.

*Judgment reversed.*