*J. P. Shattuck,* for defendants.

---

TANNER *v.* WHITE *et al.*

Where a daughter filed against her father a petition in which she alleged that the father, some years previously, had given to her a certain tract of land and had promised to execute to her a deed to it, but had failed and refused to do so, and that she had entered into possession of the land, had been in continuous possession of it up to the. date of the filing of the suit, and had made valuable improvements thereon upon the faith of the gift, and she prayed specific performance by the father, and that title to the land be decreed in her; and where the father acknowledged service of the petition and process, waived further service, acknowledged that all of the allegations in the petition were true, and · consented that a verdict and decree be taken at the appearance term of the court: the court should not have dismissed the petition of a third person who sought to intervene and be made a party defendant, alleging that he was a purchaser for value of the premises, without notice of the claims of the plaintiff in the suit for specific performance, denying the material allegations upon which the plaintiff based her claim for specific performance, and alleging further that upon the day upon which the suit was filed he had bought the land in question from the

father of the plaintiff and paid the purchase-money, without notice of the filing of the suit, and that the suit between the daughter and the father was collusive.

DECEMBER 19, 1916.

Intervention. Before Judge Highsmith. Jeff Davis superior court. August 20, 1915.

Mrs. Annie White filed her petition against her father, Elias Hinson, alleging, that in July, 1910, the defendant gave to her a certain tract of land and promised to execute to her a fee-simple deed to the same; that she accepted the gift, took actual possession of the land, and held it continuously to the date of filing suit, and her possession was adverse to the claims of all persons whomsoever; that when the defendant made the gift he reserved the right to the timber upon the land, suitable for turpentine purposes, for a period of three years; that upon the faith of the gift and her father's promise to execute a deed she had made valuable improvements upon the land; and that the defendant refused to make a deed in compliance with his promise. She prayed for specific performance, and that title to the land be decreed in her. The defendant acknowledged service of the petition and process, admitted all the allegations of the petition to be true, and consented for the plaintiff to have a verdict and decree as prayed, at the appearance term of the court. B. H. Tanner filed his petition praying that he be made a party defendant. He denied the truth of the material allegations of the petition filed by Mrs. White, and alleged that he purchased the lot of land from Hinson on October 29, 1913, the same date upon which the original petition was filed and served upon Hinson. Tanner further alleged that he was a bona fide purchaser for value, and had ben in possession of the property seventeen months preceding the date of the filing of the suit. He denied that Mrs. White or any of her tenants had ever been in possession of the lot of land, so far as he knew; and averred that she was not in possession of the land at the time of his purchase. He further alleged that the purchase-money had been paid by him before the suit was filed by Mrs. White, and that he had no knowledge, actual or constructive, of her claim of title. By amendment he alleged that the suit was filed before he bought the land and paid the purchase-price, but that the filing of the suit and the purchase by him of the land were on the same day, and he had no knowledge of the filing of the suit. He prayed that he be allowed to intervene and

become a party defendant, that he be allowed to contest the claims of the plaintiff, and that the title to the land be decreed to be in him. The court, upon demurrer, dismissed the intervention of Tanner, and he excepted.

*Dickerson, Kelley & Roberts* and *J. W. Quincey,* for plaintiff in error. *W. W. Bennett,* contra.

Beck, J. (After stating the foregoing facts.) We are of the opinion that the court erred in sustaining the general demurrer to the petition of B. H. Tanner. If his allegations are true, the suit between Mrs. White and Hinson was collusive and designed to effect a fraudulent transfer of the property. Tanner was a purchaser who had paid a valuable consideration for the property. Mrs. White was a donee, and sought to have specific performance of her father's promise to give her the property. She was not entitled to a deed under a decree of specific performance as against one who was a purchaser for a valuable consideration, and who had bought without notice of the gift. It is true that if, as alleged in Tanner's petition, the suit between Mrs. White and Hinson was collusive, Tanner would not be barred by the doctrine of lis pendens from afterwards asserting his rights as against Mrs. White and Hinson; but there is no good reason for holding that he can not now be made a party defendant and, as a party to this pending case, assert and have established his rights as purchaser. If Tanner is turned out of court and a decree for specific performance between Mrs. White and Hinson is rendered, it might constitute a cloud upon Tanner's title. Taking the allegations of the petition as true, he has caught both the wrong-doers facing each other in a court of equity. They have brought themselves there, and he is there asking that he be allowed to set up and establish his claim antagonistic to both; and the court should grant his prayer. The whole controversy will be settled in one case. In the case of *Allen* v. *Mitchell,* 143 *Ga.* 476 (85 S. E. 336), it is said: "Our code provides that 'all persons interested in the litigation should be parties to proceedings for equitable relief.' Civil Code, § 5417. Some exceptions to this rule are stated in the section referred to; but it is not necessary to consider them, as the parties here fall within none of the exceptions. In equity it is the general practice to permit strangers to a litigation, who claim and show an interest in such a matter, to intervene and assert and have established

rights which would be affected by the decree in the case. 11 Enc. Pl. & Pr. 498 et seq. The broad rule laid down in the work last cited has probably been to a certain extent deduced from judicial construction of statutes in certain States in reference to the subject of intervention, and may be somewhat broader than the rule in this State; but under our code provision quoted above, the rule here is not so narrow as to exclude parties showing a direct interest in the subject-matter of the suit, which is set up by the plaintiffs in error here. Generally a court of equity will extend to one who is not a party to the bill the privilege of becoming a party, at his own instance, when from the case made it appears that the ends of justice would be subserved by it. *Phillips* v. *Wesson,* 16 *Ga.* 137; *Blaisdell* v. *Bohr,* 68 *Ga.* 56." What is there said is very closely in point under the facts of this case.

*Judgment reversed. All the Justices concur.*