WILLIAMSON *et al. v.* HADDOCK, administrator, *et al.; et vice versa.*

ATKINSON, J. 1. Where suit is brought in equity to set aside a verdict and decree for fraud, accident, or mistake, under the Civil Code (1910), §§ 5965, 5966, as applied in *Neal* v. *Boykin,* 129 *Ga.* 676 (59 S. E. 912,

Equity, 21 C. J. p. 341, n. 86; p. 342, n. 95.
Judgments, 34 C. J. p. 481, n. 73 New; p. 493, n. 54 New.
Pleading, 31 Cyc. p. 125, n. 28.

121 Am. St. R. 237); *Wade* v. *Watson*, 133 *Ga.* 608 (66 S. E. 922); *Wallace* v. *Wallace*, 142 *Ga.* 408 (2) (83 S. E. 113); *Giles* v. *Cook*, 146 *Ga.* 436 (2) (91 S. E. 411); *Bruce* v. *Neal Bank*, 147 *Ga.* 392 (94 S. E. 241); *Gulf Refining Co.* v. *Miller*, 151 *Ga.* 721 (108 S. E. 25); *Edwards* v. *Wall*, 153 *Ga.* 776 (113 S. E. 190); *Phillips* v. *Phillips*, 163 *Ga.* 899 (137 S. E. 561), the petition as in equity causes may be filed under the Civil Code (1910), § 5562, either in term time or vacation, returnable to the next ensuing term commencing not less than twenty days from the date on which the petition is filed.

(*a*) The statutory provision (§ 5962) relating to "motions" to set aside a judgment in the same court in which it was rendered does not apply. *Bruce* v. *Neal Bank*, supra.

(*b*) In view of the foregoing distinction between proceedings in equity and proceedings at law, the above ruling does not conflict with the decision in *Davis* v. *Bennett*, 158 *Ga.* 368 (123 S. E. 11), and similar cases, in which it was held: "A judge of the superior court has no authority to entertain a motion made in vacation to set aside a judgment of that court."

2. This was a suit in equity to set aside a verdict and decree upon the ground of fraud, and to cancel a security deed as a cloud upon the plaintiffs' title. The effect of the verdict and decree was to nullify an alleged prior deed executed by the defendant to persons under whom the plaintiffs claimed, upon the ground that the paper was never delivered. The petition contained the following prayers: (a) That the defendants be required to show cause at a stated time and place why the verdict and decree "should not be set aside and . . be declared null and void." (b) That "process do issue requiring" the defendants "to be and appear at the next term of this court to answer this complaint." (c) That a verdict and decree be rendered declaring the alleged illegal verdict and decree to be null and void as having been procured through fraud, and that the alleged illegal security deed be delivered up and canceled as a cloud upon petitioners' title. Upon presentation of the petition to the judge in vacation, it was duly sanctioned and a rule nisi issued. After issuance of the rule nisi by the judge, the petition was duly filed in the office of the clerk of the superior court, and the clerk issued a process returnable to the next term. *Held:* The petition being in equity to set aside the verdict and decree and cancel the alleged security deed, the fact that it contained a prayer for a rule nisi, in addition to the prayers for process and equitable relief as indicated above, would not affect the equitable character of the proceeding.

(*a*) The suit was not subject to dismissal on the ground that the petition was filed in vacation.

(*b*) This decision accords with the ruling in *Nipper* v. *Nipper*, 129 *Ga.* 450 (4) (59 S. E. 226).

3. "A court of equity will extend to one who is not a party to the bill the privilege of becoming a party at his own instance, when, from the case made, it sees that the ends of justice would be subserved by it." *Phillips* v. *Wesson*, 16 *Ga.* 137 (5); *Tanner* v. *White*, 146 *Ga.* 338 (91 S. E. 59). In this connection see *Eastmore* v. *Bunkley*, 113 *Ga.* 637 (39 S. E. 105).

(*a*) Under the principle quoted above, a creditor of the successful de-

fendant named in the verdict and decree which were sought to be set aside, holding a security deed which would lose its priority if the verdict and decree should be set aside, had such interest as would entitle him to intervene as a party defendant in the equity suit, to resist the prayers of the petitioners to set aside the verdict and decree.

(b) So also would the widow of the said successful defendant named in the verdict and decree (since deceased) have such interest as would entitle her to intervene as a party defendant in the equity case, to resist the prayers of the petitioners to set aside the verdict and decree.

4 Under application of the foregoing rulings the court did not err in allowing the intervenors to be made parties defendant; but a reversal must result on account of the error in sustaining the motion made by the intervenors to dismiss the plaintiffs' petition.

*Judgment reversed. All the Justices concur.*

Nos. 5884, 5885. NOVEMBER 16, 1927.

Equitable petition. Before Judge Yeomans. Early superior court. January 22, 1927.

On November 15, 1905, J. A. Williamson executed a deed to Mary F. Williamson and A. F. Williamson, purporting to convey described realty. Mary F. Williamson died intestate, leaving as her sole heirs at law Jimmie Willifred Williamson, A. F. Williamson, and J. A. Williamson. On January 10, 1924, Willie Wiley as next friend of A. F. Williamson and Jimmie Willifred Williamson, instituted a suit against J. A. Williamson, returnable to the April term of the court, alleging that plaintiffs, claiming through said deed and as heirs at law of the said Mary F. Williamson, were entitled to specified interests in the land as tenants in common with J. A. Williamson, whose only interest therein was an undivided one-sixth interest, and that, notwithstanding the plaintiffs' title, J. A. Williamson was in exclusive possession, asserting entire title, and attempting to make a sale of the land. The prayers were for a receiver, for injunction to prevent the sale of the land, and for a decree establishing title as alleged. J. A. Williamson filed an answer alleging that the alleged deed was ineffective because it was never delivered. At the first term a verdict was returned against each of the plaintiffs, and finding that the defendant was the sole owner of the property; upon which verdict the court rendered a decree dated April 9, 1924. Shortly thereafter J. A. Williamson executed to Lowrey Stone a security deed to the land, and shortly thereafter died. J. D. Haddock became the administrator on his estate.

On March 16, 1926, Jimmie Willifred Williamson and A. F.

Williamson filed a petition in the superior court of Early County against J. D. Haddock, as administrator of J. A. Williamson, deceased, and Lowrey Stone, to set aside the verdict and decree, and to cancel the security deed. The petition alleged that the defendants were residents of the county, and that J. A. Williamson died in the county. The alleged grounds for setting aside the verdict and decree were fraud committed upon the court and upon the petitioners, consisting of a collusive arrangement between J. A. Williamson and Willie Wiley, for the purpose of setting aside the deed and in pursuance thereof the institution of the suit by the said Willie Wiley as next friend of the petitioners, when in fact he was not such, nor authorized by them to do so, but nevertheless he instituted the suit and J. A. Williamson filed an answer known to him to be untrue, upon the basis of which the verdict and decree were obtained. The petition was filed in vacation and contained prayers, (a) that the court should grant a rule nisi requiring the defendants to appear at the ensuing April term, etc.; and (b) for process. At the time the petition was presented to the judge in vacation, he issued a rule nisi, and upon filing of the petition in court the clerk issued a process returnable to the April term. The sheriff's return of service showed that he served "the within suit and process" upon the defendant Haddock. Stone acknowledged service of the "petition and process and rule nisi." Neither of the defendants filed any answer, and the case was marked in default.

At the April term Mrs. Dolly Perry Barnes and Matilda Willifred Williamson presented separate petitions to intervene as defendants. These petitions were allowed, subject to the right of plaintiffs to demur thereto. The plaintiffs' demurrers to the petitions for intervention were overruled, and the petitioners were made parties defendant. They moved to dismiss the petition on the grounds: "(1) This court has acquired no jurisdiction over the subject-matter of this proceeding, or over the person of the defendant administrator named as sole defendant in plaintiff's petition, said proceeding having been begun in vacation by a rule nisi issued by the judge at chambers, in Dawson, Ga., on the 11th day of March, 1926, and said petition being thereafter filed on March 15th, also in vacation, in as much as 'A judge of the superior court has no jurisdiction to entertain a motion to set

aside a judgment where the motion is made in vacation.' *Davis* v. *Bennett,* 159 *Ga.* 332. (2) The prayer in the petition for ordinary process (in addition to the prayer for the rule nisi applied for and actually issued by the judge) is properly to be treated as 'mere surplusage' (*Nipper* v. *Nipper,* 129 *Ga.* 451) ; the clerk of Early superior court was wholly without authority of law to issue such process directed to the defendant administrator, and the service of such void process upon him was ineffectual to confer any jurisdiction upon this court in the premises, he not having waived due process by entering an appearance or otherwise. *Moss* v. *Strickland,* 138 *Ga.* 539 ; *Montgomery* v. *King,* 123 *Ga.* 14 (2) ; *Smith* v. *Downing Co.,* 21 *Ga. App.* 741 (2) ; *Rowland* v. *Towns,* 120 *Ga.* 74 (1, 3) ; *Medical College* v. *Rushing,* 124 *Ga.* 242-243 ; *White* v. *Brown,* 10 *Ga. App.* 530, and authorities cited. (3) Jurisdiction over this proceeding can not properly be retained by this court upon the bare fiction that plaintiffs' motion to set aside the judgment of which they seek to complain was a 'petition in equity' since (a) in point of fact it is not such, either in form or in substance; (b) the movants having treated it otherwise by presenting it to the judge and procuring him to summarily issue a rule nisi thereon, plaintiffs are estopped to assert a secret intention to institute a proceeding in equity, instead of pursuing the statutory remedy, i. e. and ordinary motion to set aside the judgment, of which they as matter of record sought to avail themselves; and (c) no facts or circumstances are set forth in their pleadings such as to warrant a court exercising equity jurisdiction to entertain the subject-matter of their complaint, it clearly appearing from their petition that they had a full, simple, adequate, and complete remedy at law by merely presenting to the judge, in term time, an ordinary motion to set aside the judgment in the court in which the same was rendered. Civil Code, § 4538 ; *Ford* v. *Tifton Guano Co.,* 144 *Ga.* 354 (2) ; *Bruce* v. *Neal Bank,* 147 *Ga.* 392, 395-396." The court sustained the motion and dismissed the action. The plaintiffs excepted to this ruling, and to the order overruling the demurrer to the petition for intervention.

*W. I. Geer,* for plaintiffs.

*C. L. Glessner* and *Lowrey Stone,* for defendants.