## 21856.  BANK OF NEWINGTON *v.* BOSSERT CORPORATION.

STEPHENS, J.  1. Where there is transmitted to a bank a draft accompanied by unsigned notes which the sender has prepared for execution by a designated person, and the bank is instructed to collect the draft, obtain the execution of the notes, and prepare and take from the person executing the notes a chattel mortgage on designated property, and file the mortgage with the officer in whose office mortgages are filed for public record, and, after paying the expenses incurred with reference to collecting the draft and carrying out the instructions with respect to the mortgage, remit the balance to the sender, and where the bank, in reply to the letter of instructions, remits the proceeds of the draft; less an amount which the bank indicates it retains as the "cost of [the] chattel mortgage," and states that the "mortgage will follow as soon as recorded," a contract thereby arises between the sender of the paper and the bank, whereby the bank agrees to obtain the execution of a mortgage on the property as directed, and to file it for record with the proper county authority.  The failure of the bank to have prepared and filed for record a mortgage as indicated is a breach of this contract, and where, as a result of the breach, the other contracting party suffers a loss of a mortgage lien on the property by reason of failure to file the mortgage for record, the bank is liable in damages.  This is true notwithstanding the unsigned notes actually transmitted to the bank· for another person's signature may have differed in number and amounts from the notes described in the letter of instructions; and this is further true notwithstanding the notes sent with the letter of instructions, and of which the bank obtained the signature and execution (if it did), may have been afterwards, by an agreement between the maker of the notes and the person to whom they were made, substituted by new notes less in amount in the aggregate than the notes for which they were substituted.

2. Where, in a suit against the bank by the opposite party, to recover damages for its breach of the contract in failing to obtain and have filed for public record a mortgage in favor of the plaintiff as indicated, the defendant filed a plea of general denial, and also alleged that it had not entered into a contract with the plaintiff, but that the defendant's cashier, in his individual capacity, had conducted certain transactions for the plaintiff, and that the alleged contract, if it had been made by the bank, would have been ultra vires as to the bank, and where it appeared, from uncontradicted evidence, that the letter of instructions which the plaintiff had sent to the bank had been executed by the bank's cashier as cashier of the bank, who was necessarily an agent for the bank, and that the proceeds of the collection of the draft were transmitted to the plaintiff by the cashier, and it being apparently, if not actually, within the scope of this agent's authority as cashier of the bank to handle, as agent for and in behalf of the bank, all the transactions which the plaintiff had instructed the defendant bank to handle, the evidence demanded the inference that a contract was made between the plaintiff and the defendant by and through the latter's authorized agent acting for and in behalf of the defendant, by which the defendant became obligated to obtain for the plaintiff's benefit the execution, by

the person designated in the letter of instructions, of a chattel mortgage covering described property, and where the evidence authorized the inference that the mortgage was to be in favor of the plaintiff, and that the contract was breached by the defendant's failure to take the mortgage or to file it for record as the defendant had agreed to do, and that the mortgage had not been sent to the plaintiff, and he did not know of the failure of the defendant to record the mortgage, and that, by reason of the failure of the defendant to have the mortgage recorded, the plaintiff, upon the bankruptcy and insolvency of the person who was to have executed the mortgage, lost his lien upon the property, to the plaintiff's damage in a designated amount, and where it did not appear that the contract with the defendant bank was ultra vires, the verdict found for the plaintiff was authorized. The court therefore did not err in stating the contentions of the parties, or in charging the jury, or in refusing requests to charge.

3. Since the plaintiff had a right to a performance by the defendant of the latter's contractual obligation to procure the execution of a mortgage and file it for record, it is immaterial that there was a provision in any of the notes by which title to the property which the bank had agreed to cover with the mortgage was retained in the plaintiff as security for the debt.

4. The contract not being one that was unlawful, and having been fully executed by the plaintiff, the bank can not defend on the ground that the contract was ultra vires. 7 C. J. 576.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 24, 1932.

*Overstreet & Overstreet*, for plaintiff in error.
*Andrew J. Ryan, J. Henry Howard, James F. Glass*, contra.