26963. NORTH AMERICAN LOAN AND SAVINGS ASSOCIATION INCORPORATED *v.* DYKES.

DECIDED OCTOBER 1, 1938.

*Garrett & McDonald,* for plaintiff in error.

*E. O. Blalock,* contra.

SUTTON, J. G. T. Dykes brought suit against North American Loan and Savings Association, a corporation, the petition as amended alleging that he purchased an automobile under the time-payment plan and gave a retention-of-title contract providing for monthly payments on the automobile; that, in addition to covering the monthly installments to be paid, the contract provided for payment of interest by the plaintiff; that the amount to be paid included a premium for fire insurance to be taken on the car for the full value thereof, the contract being in the possession of the defendant, and the plaintiff being unable to attach a copy thereof to the petition, but the defendant being familiar with the terms and conditions thereof; that the contract was discounted with Investment Securities Corporation of Jacksonville, Florida, which corporation procured a contract of fire insurance on the automobile in behalf of the plaintiff and in his name, protecting him against loss by reason of fire in the sum of $450, a copy of which was attached to the petition as Exhibit A; that on or about October 9, 1936, J. D. Bledsoe, manager and agent in charge of the defendant's office in Waycross, Georgia, advised the plaintiff that his company would refinance plaintiff's contract and reduce

458

the payments by purchasing such contract from the Investment Securities Corporation and having plaintiff to execute to defendant another time-payment contract with interest, by which the time of payment was extended, and requested plaintiff to give defendant permission to take over the contract, refinance the same, and reduce the payments; that plaintiff advisd Bledsoe that he was willing for the defendant to refinance the contract and cut the payments down if the fire-insurance policy then in force be kept in force, but that Investment Securities Corporation had taken a fire-insurance policy on plaintiff's car protecting him against loss for the full value thereof, and that he did not want such insurance canceled but wanted it kept in force; that Bledsoe, on behalf of defendant, assured plaintiff that the policy would be kept in force, agreed to purchase the contract from Investment Securities Corporation, to refinance the same and cut, down the payments, and to leave the insurance policy in full force and effect; that Bledsoe, acting for and in behalf of the defendant, assured Investment Securities Corporation that he had authority from plaintiff to purchase such contract, to cancel such insurance policy, and collect the unearned premium thereon, and did purchase such contract from Investment Securities Corporation; that, notwithstanding the agreement of the defendant to leave said policy of fire insurance in full force and effect and not to cancel the same, the defendant instructed Investment Securities Corporation to cancel such insurance contract, and bought the retention-of-title contract from Investment Securities Corporation, receiving from it the unearned premium on the insurance policy, which defendant never refunded to plaintiff and did not advise him that such policy had been canceled; that he was not advised by the defendant that it had caused the contract of insurance to be canceled, and he relied on the statements of the said Bledsoe, acting for and in behalf of the defendant, that such insurance contract would be permitted to remain in full force and effect; that on November 9, 1936, plaintiff's car was burned; and he promptly advised the defendant of such fact, and stated that he desired to make claim for insurance; that thereupon he learned for the first time that defendant had caused such policy of fire insurance to be canceled, and plaintiff was left without any protection against fire on his said automobile; that at the time the auto-

mobile was destroyed by fire it was reasonably worth $450, which sum would have been paid to plaintiff under the said policy if defendant had not caused it to be canceled; and that by reason of the tortious acts of the defendant as above set forth, defendant has injured and damaged plaintiff in the sum of $450, for which amount plaintiff sues in tort.

The copy of insurance policy attached to the petition shows that it was issued by Pacific Fire Insurance Company, countersigned by its secretary under date of February 1, 1933, the term of insurance being specified as from March 13, 1936, to March 13, 1937, the assured being named as Investment Securities Corporation of Jacksonville, Florida. It insured the car in question against loss by fire, among other perils, to the extent of its actual value, and it showed that the car had been purchased by G. T. Dykes of Waycross, Georgia, from Ware Motors. Among other things the policy provided that it might be canceled at any time upon request of the assured, in which event the company would, upon demand and surrender of the policy, refund the excess of paid premium above the customary short-rate premium for the expired term. It further provided: "Except as to any lien, mortgage, or other encumbrance specifically set forth and described in Paragraph C of this policy, this entire policy shall be void, unless provided by agreement in writing added hereto, if the interest of the assured in the subject of this insurance be or become other than unconditional and sole lawful ownership, or if the subject of this insurance has ever been stolen or unlawfully taken prior to the issuance of this policy and not returned to the lawful owner prior to the issuance of this policy, or in case of transfer or termination of the interest of the assured other than by death of the assured, or in case of any change in the nature of the insurable interest of the assured in the property described herein either by sale or otherwise, or if this policy or any part thereof shall be assigned before loss." The defendant demurred to the petition, on the ground that no cause of action was set forth, and specially demurred on several grounds hereinafter referred to. The petition having been amended, the court overruled all the grounds of the demurrer, and the exception is to that judgment.

Under the allegations of the petition the defendant was not unconditionally authorized to pay off, on behalf of the plaintiff, the

contract held by Investment Securities Corporation, but the refinancing was subject to the condition that the fire insurance then in force be kept in force. It so happened that the policy contained a provision that it would become void on the termination of the interest of Investment Securities Corporation. Whether or not the plaintiff was aware of such a provision, he was careful to limit the authority of the defendant to refinance the contract on the express condition that the policy not be canceled. To accomplish that it would have been necessary that the defendant arrange with the insurance company to substitute, by rider or otherwise, the defendant in place of Investment Securities Corporation as the assured. Taking out a new policy and refinancing in such a way that the plaintiff would have an equitable interest in the insurance, as payments, including coverage for insurance, would be made to the defendant, might have been a substantial compliance with the directions of the plaintiff. But the petition shows that the defendant misrepresented its authority, caused the insurance to be canceled, pocketed the unearned premium on the old policy without taking out new insurance, and thus left the plaintiff unprotected in the event of the destruction of his automobile by fire. The car shortly afterwards was destroyed by fire. When he made a claim for insurance indemnity he was informed for the first time that he had no insurance under the refinancing of the defendant. With the original contract of Investment Securities Corporation, together with the insurance policy, in force, he would have been entitled to payment for his loss. With no insurance in force, he was damaged to the extent of his loss. The plaintiff had the right to have his interest in the original insurance policy unmolested. The defendant, unless unconditionally authorized to cancel the insurance, was under a duty not to interfere with that right. For every injury done by another to person or property the law gives a right to recover and a remedy to enforce it. Code, § 85-1802. "Relatively to the law of pleading, a cause of action is some particular legal duty of the defendant to the plaintiff, together with some definite breach of that duty which occasions loss or damage." *Ellison* v. *Georgia Railroad Co.*, 87 *Ga.* 691, 699 (13 S. E. 811); *City of Columbus* v. *Anglin*, 120 *Ga.* 785, 790 (48 S. E. 318); *Strachan Shipping Co.* v. *Hazlip-Hood Co.*, 161 *Ga.* 480, 482 (131 S. E. 283). To give a right of

action "nothing is needed but a right in the plaintiff and some invasion of that right by the defendant." *Stafford* v. *Maddox*, 87 *Ga.* 537, 540 (13 S. E. 559). Under the allegations of the petition and the authorities above cited, the petition set out a cause of action as for a tort, and the court did not err in overruling the general ground of demurrer.

One ground of demurrer alleged that the petition is duplicitous. It not being shown wherein the petition is duplicitous, this ground can not be considered. It is fundamental that a special demurrer should always point out with particularity the defect claimed. Most of the other special grounds were met by the amendment to the petition, and the rest do not raise objections which are material to the tort action here brought.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*