34850. FARMERS & MERCHANTS BANK *v.* WINFREY.

DECIDED NOVEMBER 7, 1953.

*Clement E. Sutton,* for plaintiff in error.

*Colley & Orr,* contra.

FELTON, J. It is contended by the defendant that, as a bank, it could not itself insure as an insurer the property of the plaintiff because it was not so authorized by the laws of Georgia. The plaintiff's action is not predicated on a contract whereby the defendant as an insurer was to insure the automobile, but upon a contract whereby the bank was to *procure* a policy of insurance covering the property. The petition in effect alleges that the bank, as agent of the plaintiff, agreed to procure the insurance for him. A bank may act as the agent of another. *Morgan County Bank* v. *Poullain,* 157 *Ga.* 423 (121 S. E. 813); s.c., 32 *Ga. App.* 10 (123 S. E. 29); *Oconee County Bank* v. *Marshall,* 159 *Ga.* 515 (126 S. E. 369); 7 *Am. Jur.* 145, § 190. Contrary to the defendant's contention, its executive officer was authorized to make such a contract with the plaintiff. In *Bank of Newington* v. *Bossert Corp.,* 45 *Ga. App.* 767 (165 S. E. 887), it was held that the defendant bank's cashier was authorized to

enter into a contract with the plaintiff, whereby the bank was to collect a draft, obtain the execution of notes, prepare and take from the person executing the notes a chattel mortgage on designated property, file the mortgage for public record, and, after paying the expenses incurred with reference to the mortgage, remit the balance to the plaintiff; and it was further held that the bank was liable for damages occasioned to the plaintiff by the bank's failure to record the mortgage. The defendant admits that its executive officer was authorized to make the loan agreement with the plaintiff. The contract to procure the insurance was a part of the whole loan transaction. Lending money, taking security therefor, and requiring insurance to protect the security are all within a bank's ordinary course of business, and citations to support this principle are unnecessary. It was held in *Bell* v. *Fitz*, 84 *Ga. App.* 220 (66 S. E. 2d 108), that a warehouseman was liable for damages arising from his breach of a contract to procure insurance on furniture stored with him. In *Farlow* v. *Barton*, 60 *Ga. App.* 287 (3 S. E. 2d 777), it was held that the seller of an automobile was liable for damages occasioned by his breach of a contract with the buyer to procure insurance on the automobile sold. See also *North American Loan &c. Assn.* v. *Dykes*, 58 *Ga. App.* 457 (198 S. E. 831); *Atlas Auto Finance Co.* v. *Atkins*, 79 *Ga. App.* 91 (53 S. E. 2d 171); Schmidt *v.* Sinclair, 342 Ill. App. 484 (97 N. E. 2d 129); Dufton *v.* Mechanicks Nat. Bank, 95 N. H. 299 (62 Atl. 2d 715).

The amended petition stated a good cause of action for the breach of the contract to procure insurance on the plaintiff's automobile.

The plaintiff fails to allege any damage due to the alleged bad faith of the defendant, and the defendant's demurrer to this allegation was good.

The court did not err in overruling the renewed general demurrer to the amended petition.

The court erred in overruling the demurrer directed to the allegation of bad faith.

*Judgment affirmed in part and reversed in part. Sutton, C. J., and Quillian, J., concur.*