### 23909. ROSSVILLE FEDERAL SAVINGS & LOAN ASSOCIATION v. CHASE MANHATTAN BANK et al.

UNDERCOFLER, Justice. Rossville Federal Savings & Loan Association brought suit against E. L. Gentry, Abb L. Carter, his wife, Ruby S. Carter and First Trust Company to set aside its cancellation of a security deed and have it declared a first lien as to such property because the check received in payment thereof was invalid. Chase Manhattan Bank was permitted to intervene and claim that it was a bona fide purchaser of a later security deed from First Trust Company and said later security deed was a first lien on said property. Plaintiff's demurrer to the petition for intervention, motion to strike the intervenor's answer, and demurrers to the intervenor's answer were overruled. After the trial the court directed a verdict for the intervenor. The plaintiff appeals to this court contending in its enumeration of errors that the trial court erred in the above rulings on the intervenor's pleadings and in directing a verdict.

The evidence shows that the First Trust Company was a mortgage broker making long term loans on real property. It had what is known as a "warehousing agreement" with Chase Manhattan Bank whereby Chase would purchase its loans temporarily pending purchase by a permanent lender. Under its agreement with Chase Manhattan Bank, as purchaser, and the Pioneer Bank of Chattanooga, Tennessee, as depository, the First Trust Company would deposit the note, security deed, title binder, insurance, commitment of permanent lender and other pertinent documents pertaining to each of its loans with the Pioneer Bank which, after ascertaining that the required documents were in order, would request Chase to forward the funds for purchase of the same.

In the present case, Gentry delivered a security deed to Rossville Federal to secure a loan on residential property. Thereafter Gentry sold the property to the Carters. The Carters borrowed funds from First Trust Company giving it a note and security deed dated Friday, March 23, 1962, and the First Trust Company issued its check of the same date to Rossville Federal in payment of its note and security deed. That same day, the First Trust Company delivered the Carters' note, security deed and related documents to Pioneer

Bank and received from Pioneer Bank the funds. The evidence is in conflict as to whether Chase reimbursed Pioneer Bank on this date but it did so at least no later than the following Monday, March 26, when Chase credited Pioneer's account for the funds advanced by it. On March 26, 1962, Rossville Federal received First Trust Company's check, marked its note and security deed paid, mailed its note to First Trust Company and mailed the security deed to the clerk of the superior court who canceled the security deed of record on March 27, 1962. Thereafter the check given to Rossville Federal by First Trust Company was returned for insufficient funds and First Trust Company was found to be insolvent. *Held:*

1. "It is not the right of a stranger to a pending cause to intervene therein, unless it is necessary to his protection that he be allowed to become a party to the litigation and thus afforded an opportunity to resist the rendition of a judgment which would operate to his prejudice." *Clarke v. Wheatley,* 113 Ga. 1074 (39 SE 437) ; *Davis v. Warde,* 155 Ga. 748 (118 SE 378) ; and *Clark v. Harrison,* 182 Ga. 56 (3) (184 SE 620). The interest of the intervenor must be of such a direct and immediate character that he will either gain or lose by the direct effect of the judgment, and such interest must be created by the claim in suit, or a claim to a lien upon the property, or some part thereof, which is the subject matter of the litigation. *Potts v. Wilson,* 158 Ga. 316 (2a) (123 SE 294) ; *Rust v. Woolbright,* 54 Ga. 310. The fact that a security deed held by the intervenor would lose its priority under the contentions of the plaintiff is such an interest as would entitle him to intervene as a party defendant to resist the prayers of the plaintiff's petition. *Williamson v. Haddock,* 165 Ga. 168 (3) (140 SE 373). It then follows that "after persons not parties to an action have been allowed to intervene therein as defendants, it is their right to file pleadings denying the plaintiff's allegations and setting up reasons why he should not have the relief sought by his petition." *Eastmore v. Bunkley,* 113 Ga. 637 (2) (39 SE 105). And the pleadings of the intervenor do not inject any new issues in this case. It appears that the plaintiff prays that its security deed be declared a first lien on the subject property. The intervenor resists this contention and on the contrary insists that its security deed is a first lien. As we view the plead-

ings, the issue was raised by the plaintiff. Furthermore, there is no merit in the plaintiff's special demurrer complaining that certain documents were not attached to the intervenor's answer. It appears that such documents were attached to the petition for leave to intervene and were a part of the record in this case. Accordingly the court did not err in allowing the intervention, in overruling the plaintiff's demurrer to the petition for intervention, the motion to strike the intervenor's answer and the demurrer to the answer.

2. The proper recording of a security deed is notice to the entire world of its lien from that date and such notice continues until it is properly canceled of record. *Cairo Banking Co. v. Henderson,* 163 Ga. 629 (1) (137 SE 19); *Holland v. Sterling,* 214 Ga. 583 (105 SE2d 894). All parties affected by such notice are put on inquiry of everything to which it is afterwards found such an inquiry might have led. *Code* § 37-116. In the present case the intervenor shows that it purchased the loan on March 26, 1962, although there is evidence that it was purchased as early as March 23rd or 24th. The evidence shows that the security deed of Rossville was not canceled of record until March 27th. There is no evidence that the intervenor made any inquiry regarding the uncanceled security deed of record. Under these circumstances, the intervenor is not a bona fide purchaser.

3. Checks are not payment until they themselves are paid unless they were taken expressly in payment. The marking of a note "paid" by the payee is not alone sufficient to take the transaction out of this rule. Whether the acceptance, the cancellation, and the delivering up of the note and security deed was an extinguishment of the debt depended upon the intention of the parties. The intention of the parties is to . be arrived at from all of the circumstances. The evidence in the present case is conflicting on this issue and accordingly it should have been submitted to the jury for determination. *Code* § 20-1004. *Kinard v. First Nat. Bank of Sylvester,* 125 Ga. 228 (53 SE 1018, 114 ASR 201). The court erred in directing a verdict for the intervenor.

*Judgment reversed. All the Justices concur.*

Argued February 13, 1967—Decided March 9, 1967.

*Frank M. Gleason,* for appellant.

*Shaw, Stolz & Fletcher, George P. Shaw, Andrew W. Cain, Jr.,* for appellees.