## 50311. CARREKER v. NATIONAL DIVERSIFIED, INC.

Clark, Judge.

In this suit for an unpaid balance on a promissory note made to finance the premiums to obtain issuance of a life insurance policy, the defendant-maker acknowledged a prima facie case in the plaintiff-payee and assumed the burden of proof. His defenses present three questions on this appeal: (1) Was the lender required to be licensed under the Georgia Industrial Loan Act? (2) Was there a total failure of consideration? (3) Was there a partial failure of consideration? It is submitted that the answers to these three questions should be in the negative. Accordingly, the trial court should be affirmed.

National Diversified, Inc., a subsidiary of Coastal States Life Insurance Company, was engaged in the

business of financing insurance premiums on policies of Coastal States and its subsidiary insurance companies. An agent of Coastal States sold Carreker an insurance policy which became effective as of August 3, 1970. That was the same date of the promissory note signed by plaintiff. The principal amount of the loan together with a $15 cash payment was to cover the first two annual payments of a life insurance policy acquired by the maker.

Delivery of the policy and acceptance thereof is evidenced by Exhibit No. 4 dated August 26, 1970. In this document addressed to Coastal States Life Insurance Company the maker acknowledged he had checked over the policy and represented to the insurer that "My policy is in force and I am fully covered according to its terms and conditions until August 3, 1972 at which time my third annual premium of $383.95 will be due and payable directly to Coastal States Life Insurance Company." (T. 69). This exhibit further stated that "My note, given in connection with the first two annual premiums is payable directly to National Diversified, Inc., . . . in two installments as outlined below." (T. 69). This acceptance further notified Coastal States of the insured's assignment of the policy as collateral to secure the note and loan.

At the trial defendant used only two witnesses. These were an officer of the plaintiff and the Coastal States agent who had sold the insurance policy. Among the exhibits identified by them and introduced as defendant's evidence were the original promissory note, the original insurance policy, and the acceptance of the policy from which we have quoted.

Upon the conclusion of defendant's evidence the court granted a motion for directed verdict for plaintiff for the principal balance owing on the promissory note plus 8% interest from its date as provided therein and attorney fees. This appeal is from the judgment rendered on that verdict.

1. Appellant's first enumeration of error asserts that plaintiff's failure to possess a license under the Georgia Industrial Loan Act made the note null and void under the provisions of Code Ann. § 25-9903. This is without merit as the statute expressly exempts "[P]ersons making loans

and charging interest thereon at a rate of not more than eight percent simple interest per annum." Code Ann. § 25-305.

2. Nor is there any merit in the second enumeration contending there was a total failure of consideration because the defendant obtained the insurance policy which the plaintiff had agreed to procure.

If the policy had not been delivered as agreed plaintiff would nevertheless have been liable to defendant for such failure to procure the policy subject to the application. In a case involving an agreement to obtain credit life insurance on a loan, Justice (previously Judge) Quillian pointed out that under circumstances similar to those here the duty to obtain credit life insurance was created. *Consumers Financing Corp. v. Lamb,* 217 Ga. 359, 363 (2) (122 SE2d 101). Similar holdings are *Farmers & Merchants Bank v. Winfrey,* 89 Ga. App. 122 (78 SE2d 818) (bank agreed to secure insurance on property conveyed by plaintiff to secure a loan); and *Home Bldg. &c. Assn. v. Hester,* 213 Ga. 393 (99 SE2d 87) (lender agreed to procure term life insurance to cover balance due on loan).

3. Nor was there a partial failure of consideration as asserted in the third enumeration of error. The basis of appellant's argument is that defendant was charged interest at 8% per annum effective from August 3, 1970 whereas the payment by Diversified to Coastal States was made on September 10. This fails to recognize that the defendant was fully insured effective August 3 as shown by his insurance policy. The fact that Diversified as a subsidiary of Coastal States had an arrangement whereby credit was extended to Diversified until it was billed along with premiums due for other policies financed by it did not affect the insured's status. He obtained from Coastal States what Diversified had agreed to procure: a life insurance policy in force for two years from August 3, 1970.

4. My disagreement with the dissent rests in our interpretation of the facts. The promissory note constituted a transaction between the maker and the payee with the plaintiff having performed by procurement of the life insurance policy. Defendant

received what he contracted for, that being life insurance effective as of August 3, 1970. The policy language quoted in the dissent could not have been used to avoid payment if the insured had died after the effective date of the contract. The credit transaction between the insurer and its subsidiary resulted in the first premium having "been actually paid" (to use the contractual words).

Additionally, the language contained in Exhibit 4 quoted in our statement of facts created an estoppel upon the Coastal States Life Insurance Company which it had prepared and which its agent had the insured execute.

Furthermore, the testimony presented by the defendant through the agent for the Coastal States confirms the fact that the insured received his contractual coverage effective August 3. In using him as a witness the defendant chose to establish his credentials as an expert, a chartered life underwriter. Thereafter, there was elicited from him that the defendant ". . . was covered from the minute I walked out the door. If he had died any time between August 3 and August 26 or any time in that first two years, the proceeds would have been paid as a legal obligation." (T. 49). This witness also testified in his capacity as the agent for the insurer that "the first premium was paid, in effect, when he signed the note." (T. 58).

In short, the transaction here did not involve any question as to the date when the maker obtained the use of the money for which he was charged interest. As between the maker and the payee, the payee procured life insurance coverage for the maker effective from the date of the promissory note. As the interest at the rate of 8 percent was computed upon the principal balance owing plaintiff from the date of the effective date of the policy, there was no usury.

5. A prima facie case was admitted by appellant. There was no conflict as to any material issue and the evidence introduced with all reasonable deductions therefrom demanded a verdict for plaintiff. Code Ann. § 81-150 (a).

*Judgment affirmed. Bell, C. J., Pannell, P. J., Deen, P. J., Stolz, Webb and Marshall, JJ., concur. Quillian, J., dissents. Evans, J., dissents with opinion.*

SUBMITTED MARCH 10, 1975 — DECIDED JULY 7, 1975 — REHEARING DENIED JULY 24, 1975 —

*David W. Griffeth,* for appellant.
*Lewis N. Jones, J. Norwood Jones, Jr.,* for appellee.

EVANS, Judge, dissenting.

National Diversified, Inc., as plaintiff, sued Carreker, as defendant, in Clarke Superior Court to collect an unpaid balance on a note executed by Carreker on August 3, 1970. Plaintiff sought to recover $646.40 principal, $109.72 interest, and attorney fees and costs. Carreker, defendant, answered and denied being indebted and set forth certain defenses. The case came on for trial. Carreker admitted a prima facie case and assumed the burden of proof. Carreker cross examined two witnesses for plaintiff and introduced certain documentary evidence and rested. Plaintiff moved for a directed verdict which motion was granted. Appeal was taken to this court.

The majority opinion holds that no issue of fact was created by the admission of a prima facie case, and the evidence presented by defendant. I dissent.

A directed verdict should not be granted for the plaintiff unless such verdict is demanded by the evidence with regard to each material issue. *State Farm Mut. Auto. Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878); Code Ann. § 81A-150 (Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248); *Humble Oil &c. Co. v. Mitchell,* 230 Ga. 323, 326 (197 SE2d 126). For two cogent reasons a reversal is required.

1. In this case the appellant defended on the basis that there was a failure of consideration. It appeared from the evidence that the note was entered into on August 3, 1970. This note was given by the defendant for payment to the plaintiff on an insurance policy on the defendant's life. The policy was with Coastal States Insurance Company. It appears from the evidence that the check to Coastal States Insurance Company was not paid until September 10, 1970. The life insurance contract provided:

"Policy effective. *This policy shall not take effect until*

*the first premium shall have been actually paid* while the Insured is alive and in good health except as modified by the application which is made a part of the contract. Possession of this policy shall not be construed as a waiver of these conditions." (Emphasis supplied.)

One of the witnesses, who was an employee but not an officer of Coastal States Insurance Company, testified that Coastal States considered that payment was made as of the time the note was entered into and that thus the policy was effective as of August 3, 1970. There was no other evidence other than the statement on the policy that it was effective from August 3, 1970.

In our view the statement by the witness who was not an officer of the corporation constituted no more than a mere conclusion which would not serve to authorize, or in this case demand, a finding that the entering into the note constituted a payment as of August 3, 1970. Further, this testimony was completely and absolutely inadmissible. Even an officer of the insurance corporation would not have been allowed to testify as to what the insurance company "considered" to be the effect of the giving of a note instead of *actually making payment,* as was required by specific language in the policy. *Brown v. Mutual Life Ins. Co.,* 29 Ga. App. 794 (5) (116 SE 559); *Life & Casualty Ins. Co. v. Burkett,* 38 Ga. App. 328, 336 (144 SE 29); *Mutual Benefit Health &c. Assn. v. Bell,* 49 Ga. App. 640, 641 (5), 652 (176 SE 124); *Metropolitan Life Ins. Co. v. Marshall,* 65 Ga. App. 696, 705 (16 SE2d 33); *Lawler v. Life Ins. Co. of Ga.,* 91 Ga. App. 443, 445-446 (4) (85 SE2d 814); *Globe Indemnity Co. v. Hall,* 94 Ga. App. 628, 629 (95 SE2d 759).

2. If payment was not made until September 10, 1970, then the defendant did not owe for the policy for which he was charged interest from August 3, 1970 to September 10, 1970. The burden of proof was on the defendant to establish that the agreement in question was usurious. *Wilkins, Neely & Jones v. Gibson,* 113 Ga. 31 (5) (38 SE 374) (84 ASR 204); *Harvard v. Davis,* 145 Ga. 580, 581 (4a) (89 SE 740). By providing that interest would be charged from August 3, 1970 when in fact the policy was only effective from September 10, 1970 would make the contract in excess of 8% per annum since the rate specified

therein was 8% from August 3, 1970. That being true, the appellee would have had to be qualified and licensed under the Georgia Industrial Loan Act. The proof adduced at the trial showed that the appellee was not so licensed. This was enough to prevent a directed verdict for plaintiff. The appellant in this case having established that the charges made under the contract were usurious, it was error for the trial judge to direct a verdict for the appellee for this reason.

Reply to Majority Opinion.

The majority opinion states there are only three issues here, to wit: (1) Was the lender required to be licensed under the Georgia Industrial Loan Act? (2) Was there a total failure of consideration? (3) Was there a partial failure of consideration? The answer to each of these questions must be in the affirmative.

(1) The lender was required to be licensed under the Georgia Industrial Loan Act. The loan was for less than $2,500, and under Code Ann. § 25-302, anyone loaning such sums of $2,500 or less shall be subject to the Industrial Loan Act unless exempt from that Act by Code Ann. § 25-305. Plaintiff was not shown to be such an exempt entity. (T. pp. 11, 12)

Therefore, under Code Ann. § 25-9903, having failed to show that it was licensed under the Georgia Industrial Loan Act, the loan, principal, interest, contract and all are utterly void. See *Hodges v. Community Loan &c. Corp.,* 234 Ga. 427; *Hobbiest Financing Corp. v. D. G. Spivey,* 135 Ga. App. 353.

(2) Further there was a total and partial failure of consideration. The language inserted into the policy by the insurance company was "Policy effective. This policy shall not take effect until the *first premium shall have been actually paid,* while the insured is alive and in good health, except as modified by the application which is made a part of the contract. *Possession of this policy shall not be construed as a waiver of these conditions."* (Emphasis supplied.)

Of course all vague or ambiguous language in a policy of insurance must be construed most strongly *against the insurance company.* See *Johnson v. Mutual Life Ins. Co. of New York,* 154 Ga. 653 (1, 2), 655 (115 SE

14); *Benevolent Burial Assn. v. Harrison,* 181 Ga. 230, 239 (181 SE2d 829). However, the above language was direct and clear in favor of the insurer. The insurance company here elected to write into its policy that *mere possession of the policy did not give it effect in favor of the holder of same; but that the first premium shall have been actually paid before the policy takes effect.*

The note by Carreker to the insurer was executed on August 3, 1970. But the check given to pay this note *was not paid until September 10, 1970.* A check is not considered payment until it is presented to the bank and is paid; and if there is any dispute as to the "intention" of the parties about whether the check shall be considered payment, this is exclusively a question for the jury. *Rossville Federal Savings &c. v. Chase Manhattan Bank,* 223 Ga. 188, 190 (3) (154 SE2d 243).

In this case, it is true that an employee (not an officer) of the insurance company undertook to give completely inadmissible testimony that the insurance company "considered" payment was made at the time the check was given (not when it was paid by the bank) but unfortunately for its position, both the law and the language inserted in its policy completely negate this position.

The majority opinion points out that the holder of the policy wrote the insurance company that he was covered on August 26 that "my policy is in force and I am fully covered." But the insurance company did not reply and thus did not agree with him; but to the contrary left the damaging language unmodified in its policy that the policy was not effective until the first premium was paid which was not until September 10, 1970.

There is at the very least certainly a jury question here as to whether the holder of the policy was covered from August 3, 1970 until his check was paid on September 10, 1970. And yet the insurance company sued him for a note which was for coverage from August 3, 1970 when he had no such coverage until September 10. How can it possibly be seriously contended that the trial judge should have directed a verdict in favor of the insurance company?